## Spangler's Appeal.

1. Where land of an intestate is taken at the appraisement, and recognisance executed for the payment of the share of another heir, the share of the latter is personal estate, whether such heir be a minor or *feme covert*, or otherwise.

2. When one receives his own money, his right to retain it is not defeated by a declaration made, through mistake, in his receipt, that he had received it in trust for another.

APPEAL from the decree of the Orphans' Court of *York county*.

This was an appeal by Israel Spangler from the decree of the Orphans' Court, on the account of Jesse Spangler, guardian of the appellant.

Samuel Eichelberger died on the 22d April, 1828, and proceedings in partition were had upon his real estate, in the Orphans' Court of York county, under which portions of it, Nos. 1 and 3, were appraised, and in September and November, 1829, were taken by two of the sons of the decedent, at the valuation, and recognisances were executed by them for payment of the shares of the widow, and the other children and grandchildren.

When the recognisances were executed, Anna, one of the children, intermarried with Jesse Spangler, was living; but she died on the 2d February, 1830, leaving her said husband and a son, Israel Spangler, the appellant, a minor. Parts, Nos. 2 and 4, were *sold* after her death.

On 6th November, 1832, Jesse Spangler was appointed guardian of his said son Israel; and in 1841 he joined in a release, in which he acknowledged to have received *as guardian* of his son out of purpart No. 3, the sum of $88.11. The widow of Samuel Eichelberger died in February, 1841, and distribution was made of the whole or part of the dower fund. The moneys were received by the husband before the passage of the Act of 1848, and his whole receipts out of the parts Nos. 1 and 3, appeared to exceed $800.

In April, 1852, the account of Jesse Spangler, as guardian of the estate of his son Israel, was exhibited. Exceptions were filed to it, and an auditor was appointed.

The auditor charged the father, as guardian, with moneys received out of parts Nos. 1 and 3 of the real estate, which were taken at the appraisement during the life of his wife, who died before any of the moneys became due under the recognisances.

This was excepted to on part of the husband, on the ground that the property had been converted into personal estate before the death of. the wife—and that the auditor erred in treating it *as real estate*.

The Court struck out of the account the amount so charged;

[Spangler's Appeal.]

and this, *inter alia*, was a subject of exception on appeal to this Court.

*Potts* and *Campbell*, for the appellant.—It was contended that the moneys received under the recognisances should be distributed as *real estate:* 5 *W. & Ser.* 503; 8 *Id.* 315; 11 *Ser. & R.* 224, Grider *v.* McClay.

*Evans* and *Mayer*, for appellee.—The real estate taken at the appraisement was converted into *personalty*, though the heir was a *feme covert* at the time: 1 *Bin.* 358, Yohe *v.* Barnet; 7 *Watts* 159; 1 *W. & Ser.* 517; 7 *W. & Ser.* 168; 4 *Barr* 359; 1 *Harris* 430; *Id.* 56–14; *Id.* 387; *Id.* 417; 6 *Id.* 392; 8 *Id.* 17.

Except in the release for the dower fund in No. 3, there is no recital or allegation in release or receipt that the money was received *as guardian*. But in this case there was *no trust*—the money belonged to the husband.

The opinion of the Court was delivered by

BLACK, J.—The appellant's maternal grandfather died before he was born, and his mother soon afterwards, leaving him her only heir. His father (the appellee) took for his second wife a sister of the first one, and was appointed guardian of his son. He had therefore a right to receive and take into his possession two full shares of the grandfather's estate.

How much of the first wife's share could he keep as his own, and what portion was he bound to account for as guardian of his son? He was entitled to the whole of her personal property, and as tenant by the curtesy to the profits of her real estate during life. But it remains to be settled how much of it was personal, and how much real at the time of her death.

The grandfather's real estate was divided into four parts, and appraised by an inquest according to law. Two of these parts had been taken at the valuation, by other heirs in the lifetime of the appellant's mother. She had their recognisances for her share instead of the land. The other two parts were sold under an order of the Orphans' Court after her death. It is not denied that the parts last mentioned were real estate, and descended as such to the appellant. His share of the proceeds of the sale was received by his father and guardian, who is entitled to the interest only during life. But the appellant contends that the other two parts of the land, or, rather, the recognisances taken in lieu of them while his mother was living, were real estate also. This is an error. Her title to the land was entirely divested. The proceedings in the Orphans' Court, which assured it in severalty to another heir, was a clear conversion of her share into personalty. So say all the cases in which the point has been directly ruled.

VOL. XII.—54

[Spangler's Appeal.]

It matters not that she was an infant or a *feme covert*. The validity of the decree did not depend on her being *sui juris*, and able to give her assent to it as to a contract.

But when the appellee received the sums due to his first wife on these recognisances, he receipted for them as guardian of his son. There is no reason to doubt that this was a mere mistake. He thought, and so probably did the persons who paid it, that it descended as real property to the son. Or it may be that the acquittance took that form as a matter of caution, so as to make it a good discharge to the recognisance, let the law be how it might. But when a man takes his own money, is his right to keep it defeated by a declaration made in mistake that he received it in trust for another? Certainly not. He may correct his error whenever he finds it out. The *cestui que trust* is entitled to a full account of all that is his, and he cannot claim anything more.

Decree affirmed.