## Kydd Trust

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Strong, Sullivan, Saylor & Ferguson,* for exceptants.
*William M. Boenning,* contra.

BOLGER, J., June 18, 1948.—In support of her petition to rescind and to terminate the irrevocable deed of trust created by her, exceptant claimed that the deed

was executed by the mistake of herself, of the attorney who wrote the deed and of the representative of the trust company concerning its dispositive terms and that she received bad and inadequate advice upon the subject of irrevocability. She asserts that had she known and realized these provisions of the deed and their implications that she would not have executed it.

Settlor's counsel denies the applicability of the authority of Potter v. The Fidelity Insurance Trust & Safe Deposit Co., 199 Pa. 360; King et al. v. York Trust Co., 278 Pa. 141; Jones's Trust Estate, 284 Pa. 90; Reese's Estate, 317 Pa. 473; Harding v. Harding, 305 Pa. 572, which hold that executed gifts, even though voluntary, cannot be disturbed unless it is shown that they were procured by fraud or imposition or executed under a misapprehension of the facts or of the law.

Settlor bases her case upon A. L. I. Restatement of the Law of Trusts, §333:

"A trust can be rescinded or reformed upon the same grounds that those upon which a transfer of property not in trust can be rescinded or reformed.

"a. Grounds for rescission or reformation. Where no consideration is paid for the creation of a trust, it can be rescinded or reformed upon the same grounds such as fraud, duress, undue influence or mistake, as those upon which a gratuitous transfer of property not in trust can be rescinded or reformed. . . .

. . . . . . . . . .

"e. Mistake. The settlor can rescind a trust created by him as a result of a material mistake. Where no consideration is paid for the creation of the trust, it is sufficient that the settlor was induced by mistake to create the trust, although neither the trustee nor the beneficiary shared in the mistake or knew of it, . . ."

Local annotations of this doctrine are Spangler's Appeal, 24 Pa. 424, Painter's Estate, 42 Pa. 156, and Russell's Appeal, 75 Pa. 269. In the first of these

cases, a father mistakenly gave a receipt as guardian for his son, whereas it should have been on behalf of another. He was permitted to correct the error. In Painter's Estate, a woman created a trust of her undistributed and unascertained share in an estate. Later it developed that the share was much larger than she anticipated. She was allowed to revoke the trust. Principal reliance is placed upon Russell's Appeal, supra. There a woman in contemplation of marriage created an involved irrevocable deed of trust reserving a life estate to herself, a life estate to her husband and remainders as she could limitedly appoint. She was aided in the drafting by an attorney and also by a brother of the bridegroom. Inter alia, the deed contained no express provision of revocability in the event that the husband predeceased the settlor. She also alleged she gave no instructions other than that her property was to be settled free from the debts or control of her husband and that she said nothing, nor was anything said to her as to there being no power of revocation reserved to her in any event whether all the interests within the consideration of the marriage should or should not expire, or as to there being no general power of even testamentary appointment should she survive her husband and there be no children. Upon the death of the husband, before settlor, she sued to set aside the trust on the ground of mistake. The court found the facts as she alleged and testified, and said: "The mistake here was not in perceiving and being conscious that a case was left unprovided for which might happen, and in which event the settlor . . . would desire to make a provision agreeably to her wishes and will." Although this case appears to be good law, it is peculiar that it has not been cited since its decision in 1874.

The auditing judge has made specific and extensive findings of fact upon the many issues raised by the testimony and has supported them with reasons and

citations of just what testimony he believed and what he disbelieved. On those salient elements, which determine under which line of authorities hereinbefore cited this case must rest, he has directed his decision very clearly. All of the conflicts of testimony have been resolved by him against settlor. A careful reading of the testimony clearly supports those findings. Therefore, they must be treated the same as the verdict of a jury and will not be reversed except for clear error: Kenna Estate, 348 Pa. 214. From this conclusion, it necessarily follows that the decision must be against settlor. The distinction between the instant case and the Russell case is that there the claimed mistake was accepted as a fact by the court and concerned material provisions of the deed, which should have been provided for, but were omitted through error. Unfortunately, such facts do not exist in the instant case. The auditing judge has accepted the flat contradiction by Messrs. Wood and Hitchcock of settlor's assertion that the dispositive provisions were in defiance of her instructions and were not explained to her. This, therefore, is no case of inadvertent omission. The dispositive provisions according to the findings of fact were clearly explained and understood by settlor. The record supports such findings. Respecting the inadequacy of the explanation made to settlor regarding the irrevocability of the instrument, we are satisfied that the auditing judge's finding that settlor is a person of sufficient intelligence and comprehension to understand the several full explanations made to her both orally and in writing on this point, is justified. The testimony of settlor herself supports this finding. The presence of the discretionary authority of the trustee to invade principal is indicative of the care exercised by both of these men to protect settlor. The clauses respecting irrevocability, the spendthrift provisions and the discretionary invasion of principal are corroborative of their testimony that settlor wanted

to protect herself and her children from creditors insofar as it could be done and at the same time to provide support for them.

Counsel for settlor seeks to make much of the admitted failure to explain to Mrs. Kydd that creditors could attach her income. That oversight is unimportant. Under any form of trust that Mrs. Kydd might create, creditors could attach the income, but it does not follow that should that event have occurred that Mrs. Kydd would be without support. In the first place, real protection was afforded her against attachment of principal and at the same time, she was free to call upon the trustee to invade principal for her support. This discretion being a legal one, it must have been exercised by the trustee in her favor: Erisman v. Directors, 47 Pa. 509. This court would be quick to review any refusal.

Settlor also pleads hardship, claiming that she cannot live on the current $133 per month income. This smacks of afterthought. It certainly is a subject which was within the realm of estimation prior to the creation of the trust. It is too late to complain about it at this time. However, this exigency reveals the wisdom of those who drew the instrument, for settlor can now under the terms of the deed demand that principal be invaded to an extent necessary to alleviate her hardship.

Among the many subjects covered by the exceptions is the finding that Mr. Hitchcock, the attorney who drew the deed, dealt at arm's length with settlor. The inference from the exceptions is that the attorney was in a confidential relationship to her and should have better advised her. We regard it as immaterial in what capacity Mr. Hitchcock acted. In either position his conduct was regarded by the auditing judge as adequate and efficient in conducting the preparation and execution of the deed. The authorities require only that every material element must be included

in the deed or in the consideration of its provisions; the converse of this is that the failure to consider or to include unimportant matters shall not be regarded as fatal.

The exceptions are dismissed and the adjudication is confirmed absolutely.