## Irish, Appellant, *v.* Irish et al.

Argued March 24, 1949. Before Maxey, C. J., Drew, Linn, Stern, Patterson and Stearne, JJ.

*Mahlon E. Lewis,* with him *Clyde E. Donaldson* and *Walter O. Howarth,* for appellant.

*Joseph A. Beck,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 11, 1949:

This is an appeal by a settlor of an inter vivos trust from a decree of a court of common pleas dismissing a bill in equity seeking to amend, *nunc pro tunc,* the deed of trust.

On August 29, 1941, appellant (settlor) and his wife, executed, delivered and recorded an irrevocable deed of trust whereby real and personal property was conveyed and paid to named trustees in trust for the benefit of settlor's wife, daughters, grandchild, son-in-law and possible heirs and next of kin. The trust provisions need not be recited.

Following the federal estate tax decision of the United States Supreme Court in *Spiegel Estate v. Commissioner,* 335 U. S. 701, 69 S. Ct. 301, 93 L. Ed. 327 (1949) settlor, in reviewing the trust provisions of his deed, discovered that through the inadvertence and mistake of his scrivener, no provision was made in the deed for disposing of the principal of the trust estate in the event that the settlor should survive *all* of the named beneficiaries and their issue, if any, and if settlor's daughter, in such event, should *fail to exercise a power*

*of appointment by will,* in which contingency the principal of the trust would revert to the settlor.

Settlor filed the present bill in equity on February 17, 1949, seeking to reform the deed. He alleged that he had intended to avoid the remote contingency above recited, but failed to do so because of the mistake and inadvertence of the scrivener. Defendants are the trustees named in the deed and join in the prayer of the bill. Upon a hearing the court below found that no interest of any person, known or unascertained, would be affected by the decree prayed for. The court decided that "First: Under the law of the Commonwealth of Pennsylvania, if the named beneficiaries of said trust should predecease the trustor, without leaving issue then surviving, the principal of said trust would, by operation of law, revert to the trustor. Second: A Pennsylvania Court, sitting in equity, has authority to amend nunc pro tunc a voluntary but irrevocable trust in which the donor did not reserve the right to modify or amend the instrument so that the trust, as modified, does conform with the donor's intention at the time he created the trust; and that this power is especially present where the Court finds that no interest of any party to the trust will be affected in any way whatsoever other than the interest of the creator of the trust who is the Plaintiff in this case." It dismissed the bill, however, for the following reason: "In the light of the Spiegel case it is important that the right to reform instruments in the circumstances here present be determined by the Supreme Court. We shall therefore refuse the relief sought so that plaintiff may appeal." This appeal followed.

We are unanimous that in the event of the happening of the remote contingency recited there would be a reverter. We also agree that under appropriate circumstances a court in equity may reform a deed. Whether the omission in the deed was in truth and in fact a mistake or inadvertence depends upon the findings of fact

of a chancellor who sees and hears the witness, and which, if approved by the court in banc, would warrant a decree of reformation.

The decree dismissing the bill is reversed. The bill is reinstated and the record is remitted for further proceedings. Costs to be paid from the trust estate.