## Flagg v. Flagg et al.

*Paul D. Edelman, C. Brewster Rhoads* and *Montgomery, McCracken, Walker & Rhoads,* for plaintiff.

*John E. Ruth* and *William M. DeLong*, for defendant, Nolde Amerpohl Flagg.

*Franklin E. Kantner*, for defendant, the Reading Trust Company.

*Albert S. Readinger*, for guardian ad litem.

HESS, J., February 7, 1952.—Louise Amerpohl Flagg, a resident of Robesonia, Berks County, Pa., has filed a bill in equity seeking a decree reforming and correcting a certain deed of trust executed and delivered by her on November 11, 1931, under the terms of which she as settlor established a trust inter vivos in assets having a face value of $460,000 for certain enumerated uses and purposes. The Reading Trust Company of Reading, Pa., was appointed trustee under this instrument. Defendants named in the bill are the trustee and Nolde Amerpohl Flagg, son of settlor. Albert S. Readinger, Esq., was appointed guardian ad litem for Pamela Flagg, minor child of defendant, Nolde Amerpohl Flagg, as well as for any other issue of Nolde Amerpohl Flagg hereafter to be born. The trustee and the guardian ad litem have filed answers to the bill which in substance admit the allegations of fact and raise a question of law as to the jurisdiction of equity to reform the instrument here in issue. Nolde Amerpohl Flagg filed no answer, but along with the other defendant appeared at the hearing before the chancellor.

## Findings of Fact

1. Louise Amerpohl Flagg is a resident and citizen of Robesonia, Berks County, Pa., and is the settlor in a certain deed of trust, executed and delivered on November 11, 1931, in which deed of trust the Reading Trust Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its office and place of business in the City of Reading, is the trustee.

2. Under the deed of trust settlor turned over to the trustee assets of the face value of $460,000, in trust, for the uses and purposes, and with the powers therein enumerated.

3. Nolde Amerpohl Flagg is a resident and citizen of Berks County, Pa.

4. Albert S. Readinger, Esq., is guardian ad litem for Pamela Flagg, minor child of defendant Nolde Amerpohl Flagg, as well as for any other issue of Nolde Amerpohl Flagg hereafter to be born.

5. The pertinent provisions of the deed of trust in substance are:

(a) The trustee is required to pay to settlor, during her lifetime, all income from the trust estate.

(b) Upon the death of settlor, the trustee is to hold the corpus for the use of settlor's son, Nolde David Amerpohl, and/or such other child or children as may hereafter be born to settlor and Edward H. Amerpohl, to accumulate the income after payment of necessary expenses during minority of the son and/or child or children, to pay the net income thereafter to the son, and/or child or children, until they respectively reach 30 years, when the trustee shall pay such child reaching 30 one-half part of the principal of his or her proportionate share of the corpus, and to pay the net income arising from the remaining one-half part to the son, and/or child or children as long as he or she shall live.

(c) Upon the death of Nolde, and/or any child or children, the trustee shall pay his or her proportionate share of the remainder of the corpus to his or her issue.

(d) The foregoing provisions are made subject to the following conditions: (1) Upon the death of Nolde or any other child of settlor and Edward H. Amerpohl without issue, his or her share shall be held for the survivors upon the same terms, conditions, uses, trusts

and purposes as stipulated with respect to the trust created for the benefit of the one so dying; and (2) upon the death of settlor without issue, or upon the death of all of settlor's children without issue, the trust shall terminate and the trustee shall pay over the principal to the settlor's husband, Edward H. Amerpohl, his heirs and assigns.

6. At the time of the execution and delivery of the deed of trust, plaintiff was married to one Edward H. Amerpohl, now deceased. Two children had been born to plaintiff and Edward H. Amerpohl, a son, Nolde Amerpohl, one of the defendants herein, and a daughter, Carol Amerpohl. Carol Amerpohl died on October 8, 1931, five weeks prior to the execution and delivery of the deed of trust.

7. Under the provisions of the will of Jacob Nolde, father of plaintiff, a trust was established for the benefit of plaintiff, to pay her the net income from the trust until she arrived at the age of 30 years, when one-half part of the principal was to be paid to plaintiff, to be her property absolutely, and thereafter to pay to plaintiff the net income from the remaining one-half part for life. The will further provided that upon the death of plaintiff after attaining 30 years, leaving issue, the remaining one-half share was to be paid to such issue in fee, and upon her death without issue, to her heirs under the intestate laws of Pennsylvania.

8. Under the provisions of the will of Anna Louise Nolde, mother of plaintiff, a trust was established for the benefit of plaintiff, the terms and conditions of which are substantially identical to those of the above-mentioned trust under the will of Jacob Nolde.

9. Jacob Nolde died on November 22, 1916, and Anna Louise Nolde died February 23, 1931. Plaintiff attained the age of 30 years on October 20, 1931, at which time, under the provisions of the two testamen-

tary trusts referred to in findings of fact 7 and 8, she received approximately $244,150.

10. At the time plaintiff attained the age of 30 years and received the sum of money referred to in finding of fact 9, she was a resident of Janesville, Wis., where she was residing with her husband, Edward H. Amerpohl. At that time, plaintiff was under great emotional stress and strain owing to the death of her daughter, Carol Amerpohl, and was unable to give mature consideration to the detailed management of her estate. It was therefore her desire to place her estate in trust, under such terms and upon such conditions, for such persons, purposes and uses as would approximate the terms and conditions, persons, purposes and uses of the trusts established for her benefit under the respective wills of Jacob Nolde, her father, and Anna Louise Nolde, her mother. To effectuate this purpose, a deed of trust was drawn upon plaintiff's general instructions. Plaintiff either read the instrument or had it read to her, and believed that the provisions were in accord with her intention.

11. Edward H. Amerpohl died on June 28, 1934, leaving to survive him his wife, plaintiff herein, and his son, Nolde, one of the defendants herein.

12. In December 1935 plaintiff intermarried with Eugene R. Flagg, and one child, Linda Flagg, has been born of this marriage. Eugene R. Flagg legally adopted plaintiff's son, Nolde.

13. Under the provisions of the deed of trust, Linda Flagg and any unborn issue of plaintiff are not entitled to share in benefits of the trust, in that the deed limits the class of children of plaintiff who take the remainder interest in the trust to children born to plaintiff and Edward H. Amerpohl.

14. Plaintiff never intended that the benefits under the trust should be limited as set forth in finding of

fact 13, but intended that all of her issue should share equally.

15. The beneficiaries of the trust are gratuitous beneficiaries, and plaintiff settlor received no consideration for setting up the trust.

16. The modification or reformation which plaintiff seeks in the provisions of the trust would, if allowed, diminish the share of the trust res which under its present provisions vests contingently in defendant, Nolde Amerpohl Flagg, and he is aware of that fact and, notwithstanding such diminution, joins in the prayer of plaintiff for reformation of the trust instrument.

17. The modification or reformation which plaintiff seeks in the provisions of the trust would, if allowed, diminish the share of the trust res which under its present provisions vests contingently in Pamela Flagg, minor child of defendant, Nolde Amerpohl Flagg, and unborn children of defendant.

18. When plaintiff executed and delivered the trust instrument and created the trust, she intended to include and believed that under its terms and provisions she had included as beneficiaries any and all of her issue.

19. Sometime after plaintiff intermarried with Eugene R. Flagg and when she and Eugene R. Flagg were considering rearranging their wills, plaintiff learned that the provisions of trust agreement limited participation in the benefits of the trust to her issue by Edward H. Amerpohl.

## Discussion

The questions raised in this proceeding require the court to determine: (1) Whether equity has jurisdiction and power to permit reformation of the trust instrument executed and delivered by plaintiff on November 11, 1931, and (2) if equity powers are applicable, should the court on the record before us allow

such reformation. The facts alleged in the complaint are generally admitted, and a study of the testimony taken at the hearing would indicate that there are no material facts in dispute. They are set forth fully in the findings of fact and need not be repeated.

## 1. *Jurisdiction of Equity*

The courts of Pennsylvania have long recognized that a settlor may for reasons of mistake as well as for fraud, accident or undue influence, secure a rescission or reformation of a trust agreement. Spangler's Appeal, 24 Pa. 424, recognizes the right of one who has acknowledged that he holds money in trust for another to rescind the trust when it appears that by mistake the trustee believed the money to be the property of the beneficiary, whereas in fact it was the property of the trustee. An interesting case is that of In re Painter's Estate, which is appended as a note in 42 Pa. 156, to the decision of the Supreme Court in Cressman's Appeal, 42 Pa. 147. In Cressman's Appeal, the court, speaking through Mr. Justice Read, construed a certain agreement to be a declaration of trust, indicating that the court arrived at such construction "after considerable hesitation". The opinion reported in the footnote was also written by Mr. Justice Read and holds that an agreement somewhat similar to the agreement construed in Cressman's Appeal is not "a valid and binding trust". Actually, in Painter's Estate the court permitted settlor to rescind a gratuitous transfer made for the benefit of others when it appeared that the promisor was mistaken concerning the amount of money transferred for the use of the beneficiaries. An even earlier authority is the case of Ginschio v. Ley, 1 Phila. 383, where the Court of Common Pleas of Philadelphia permitted a trust to be reformed which benefited settlor's children by a named wife when it appeared that by

mistake settlor's intention to include all his children had not been inserted in the instrument because the scrivener had no knowledge of the prior marriage.

What would appear to be the latest authority upon the subject is the case of Irish v. Irish et al., 361 Pa. 410, which reaffirms the power of equity to reform an irrevocable trust instrument for reason of a mistake in the instrument which upon the happening of a remote contingency would permit the trust property to revert to settlor. To the same effect is the A. L. I. Restatement of the Law of Trusts, §333 (e) :

"The settlor can rescind a trust created by him as a result of a material mistake. Where no consideration is paid for the creation of the trust, it is sufficient that the settlor was induced by mistake to create the trust, although neither the trustee nor the beneficiary shared in the mistake or knew of it, since in the case of gratuitous transfers a mistake by the transferor is a sufficient ground for setting aside the transfer, although the mistake was not caused or shared by the transferee and he did not know or have reason to know of the mistake of the transferor."

Accordingly, we conclude that in appropriate circumstances, the jurisdiction of equity extends to cases involving requests for rescission or reformation of irrevocable trust agreements for reason of mistake.

## 2. *Should Equity Permit Reformation in This Case?*

Plaintiff has testified and we have so found that at the time she executed and delivered the trust agreement she intended to include and believed that she had included all of her issue.

"The intention of the settlor which determines the terms of the trust is his intention at the time of the creation of the trust and not his subsequent intention": A. L. I. Restatement of the Law of Trusts, §4 (a). When the trust was created plaintiff and her husband,

Edward H. Amerpohl, were apparently happily married, and the spectre of death of the husband and possible remarriage of plaintiff would ordinarily not arise in the mind of someone not trained to foresee and provide for remote possible contingencies. The lay mind might well understand and expect that a provision for her children by her named husband would extend to all her children, for plaintiff would naturally expect that under ordinary circumstances Edward H. Amerpohl would father all of her children. It is unreasonable to believe that any woman worthy of bearing the appellation of mother would in disposing of a substantial part of her estate intend otherwise than that all of her children should be included in such disposition.

It is true that plaintiff either read the trust instrument herself or had it read to her. Immediately preceding the creation of the trust and at that time she was apparently undergoing considerable emotional strain brought on by the untimely death of her daughter. Furthermore, she had entrusted to her husband, Edward H. Amerpohl, the responsibility of carrying on the negotiations leading up to the drawing of the trust instrument. The various letters attached to the record as exhibits indicate clearly that the husband took upon himself the responsibility of carrying on these negotiations, as well as the plaintiff's general business affairs. Under the circumstances that then existed, it is understandable that plaintiff gave little thought or attention to the trust instrument and assumed that it carried into operation her intention of providing for all of her children.

Nolde Amerpohl Flagg, defendant son of plaintiff, apparently realizes the logic of what we have just stated for he has joined in the prayer of the petition for reformation, and on the witness stand commendably testified that he desires that all children born to

his mother should share in the trust fund even though he knows that by virtue of such reformation his own beneficial interest, as well as that of his children, will be diminished. Of course, the wishes and consent of Nolde Amerpohl Flagg can have no bearing upon our determination of the intention of plaintiff at the time she executed the trust agreement. Nor can his expressed attitude affect the rights of his minor daughter, Linda, and any other children who may hereafter be born to him. On the other hand, the fact that minors' interests are involved and will be diminished by the allowance of reformation can have no bearing upon our decision if plaintiff actually executed and delivered the trust agreement intending and mistakenly believing that she had provided for all of her children. The interest of minors has been protected by the appointment of a qualified guardian ad litem learned in the law who, while he does not join in the prayer of plaintiff for reformation, does not question the pertinent allegations of the bill in equity or the testimony supporting the allegations.

Our research and the briefs of counsel have not revealed any decisions of the appellate courts of Pennsylvania wherein facts were present such as those we are now considering. Ginschio v. Ley, supra, a decision made just 100 years ago by the Court of Common Pleas of Philadelphia County, closely approximates this case. In the case cited, the intention of settlor to benefit all of his children, as against the expressed provision in the deed of trust to benefit only children of settlor by a named wife, was considered and reformation was decreed so that the "real intention" of settlor to include children by a prior marriage might be allowed. The case presented by present plaintiff is even stronger than that presented by plaintiff in Ginschio v. Ley, supra. There the provisions of the trust

agreement excluded children of a prior marriage who were then in being. Here plaintiff expressly included children by a named husband, knowing that she then had no other children and certainly having no reason to expect that she would at any time thereafter have children by any husband other than Edward H. Amerpohl. Pennsylvania Supreme Court cases which we have already cited indicate that, beginning with Spangler's Appeal, supra, and continuing to the recent case of Irish v. Irish, supra, our courts have recognized the principle that equity will allow reformation of a gratuitous trust for reason of a unilateral mistake of fact when the forum charged with the responsibility of determining the facts finds that the actual intention of settlor at the time the trust was created varies from the expresesd provisions of the trust instrument. Upon this authority and in view of the facts we have found, we conclude that plaintiff is entitled to have relief in the form of reformation of the deed of trust executed and delivered by her on November 11, 1931.

Plaintiff asks that the trust agreement be reformed to provide that all of her children share equally in the principal and income under the trust she has established. The pleadings also raise a question relative to reformation to prevent the happening of a contingency that may conceivably violate the rule against perpetuities. We do not understand that this latter question is properly before us at this time. Certainly, it is not the intention of the chancellor that the trust agreement as reformed shall permit a violation of the rule against perpetuities or any other rule of law. Our decision is limited to determining that in accordance with the law and under the facts of this case, the settlor may reform the trust agreement to provide for her children generally rather than her children by Edward H. Amerpohl.

## Conclusions of Law

1. Equity has jurisdiction to entertain an application for equitable relief to reform a gratuitous deed of trust when by reason of a unilateral mistake the provisions of the deed of trust are not in accord with the actual intention of settlor at the time she executed and delivered the deed of trust.

2. Plaintiff is entitled to have the deed of trust reformed so that it will carry out her actual intention of providing for her children generally rather than her children by Edward H. Amerpohl.

3. The court will retain jurisdiction of the cause for the purpose of granting such relief as may be necessary to carry out the intention of settlor.

4. Costs shall abide a final determination.

And now, to wit, February 7, 1952, the prothonotary is directed to enter a decree nisi in accordance with the foregoing decision, and forthwith to give notice thereof to the parties or their counsel of record, sec. reg.