Flora Appeal (No. 2).

244

Argued October 7, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Daniel H. Shertzer,* for appellant.

*Robert Ruppin,* with him *Joseph R. Byars,* for appellees.

OPINION BY HIRT, J., January 17, 1956:

The recital of the facts in the preceding opinion will supply the background for this appeal also.

When six of the children of Max Schulz deeded their respective interests in that decedent's real estate to Edward Schulz for a consideration of $12,000 he understood that he had acquired "an absolute fee simple title in the premises" in accordance with a recital in the deed to that effect. Frank Schulz one of the six who signed the deed had only a life estate in the realty under the will; his children were the remaindermen. Edward Schulz set aside a one-seventh part of the purchase

price of $12,000 which until his death on December 6, 1941 he professed to hold as testamentary trustee for the benefit of Frank Schulz for life and for the seven children of Frank and Lena Schulz, as remaindermen, in the mistaken belief that their interests in the real estate had been converted into the fund by the sale. Frank Schulz died on August 5, 1943. On August 8, 1951, Anna M. Schulz, the widow of Edward, as the administratrix of his estate filed an accounting of the above fund which she understood had been set up and held by him as testamentary trustee under the will of Max Schulz. The account finally came on for audit on May 6, 1954. In the meantime in *Schulz Estate*, 374 Pa. 459, 98 A. 2d 176, by opinion filed on June 26, 1953, the Supreme Court, in directing the grant of letters of administration d.b.n.c.t.a. in that estate, in effect held that the land alone constituted the subject matter of the testamentary trust; that the deed of the farm to Edward did not convert the 1/7 interests of Frank Schulz and his children into personalty, and the fund set aside by Edward for their benefit, therefore, was not impressed with the trust. Accordingly the lower court in its adjudication distributed to his personal representative the income which had not been paid to Frank Schulz during his lifetime. The balance for distribution consisting in the remaining income earned on the fund together with the principal, was awarded to the accountant as a part of the estate of Edward Schulz, for distribution to his heirs. The exceptions filed by the children of Frank Schulz were dismissed on April 7, 1955, by the court below. Dorothy V. Flora, one of them has appealed from the order.

Under the will of the testator as construed by the Supreme Court in *Schulz Estate,* supra, the remaindermen in the testamentary trust were "relegated to the will of testator to secure their shares in the uncon-

verted real estate" since they had never been divested of their interests in the land. Appellant on the sale of the farm by the administrator d.b.n.c.t.a. of Max's estate, as directed by the Supreme Court, will receive her full share of 1/49 of the proceeds of the sale. It would be most inequitable to allow her in this appeal to recover in addition, 1/49 of the fund set aside by the trustee in his mistaken belief that it had supplanted the real estate as the subject matter of the trust. Moreover, the law will not aid her in accomplishing that unjust result.

Since under the holding in *Schulz Estate,* supra, there was no sale of the testator's real estate, and the interests of the remaindermen here involved did not pass by the deed, Edward the executor did not hold the fund in trust for the remaindermen as he thought he did. In fact and in law it was actually his own money and the right of his personal representative to the fund was not defeated by Edward's mistaken belief that he was bound to hold it for the remaindermen under the testamentary trust. *Spangler's Appeal,* 24 Pa. 424. A trust can be rescinded because of a material mistake in its creation. Restatement, Trusts, §333, comment (c). Cf. *Irish v. Irish,* 361 Pa. 410, 65 A. 2d 345. The truism given expression in *Spangler's Appeal,* supra, that "the *cestui que trust* is entitled to a full account of all that is his, and he cannot claim anything more" is decisive of the question here. All that appellant is entitled to will be to share in the proceeds when the real estate is sold.

Decree affirmed at appellant's costs.