JACHEBET T. Roos and SADIE R. KEYSER, Trustees of David L. Topkis,
Plaintiffs,

*vs.*

JACHEBET T. Roos, EMILE V. TOPKIS, BERNARD H. TOPKIS,
Executors of the Estate of Hannah R. Topkis,
Defendants.

*New Castle, August 12, 1964.*

*F. Alton Tybout*, Wilmington, for plaintiffs.

*Garry G. Greenstein*, of Wahl, Greenstein, & Berkowitz, Wilmington, for defendants.

SHORT, Vice Chancellor: This is an action to reform a written declaration of trust. Plaintiffs are the trustees named in the trust instrument. Defendants are the executors of the estate of the deceased wife of the settlor. The case is before the court on plaintiffs' motion for summary judgment.

On June 19, 1936 David L. Topkis executed a written declaration of trust declaring that he was possessed of 500 shares of the common stock of Strand Realty Company, a Delaware corporation, "in trust as follows:

"FIRST: During my life the dividends of said stock are to be held for and on my own account or order.

"SECOND: In case I shall die before my wife, HANNAH R. TOPKIS, said stock is to pass to and be transferred to JACHEBET H. ROOS and SADIE R. KEYSER, my daughters, or the survivor or successor as trustees to pay the dividends thereon to my said wife, HANNAH R. TOPKIS, or her order for life.

"THIRD: In case my said wife dies before my own death, then the stock is to be held from and after my death by my daughters JACHEBET H. ROOS and SADIE R. KEYSER, * * * as trustees, * * * to pay the net income to and among my four children, JACHEBET H. ROOS, SADIE R. KEYSER, EMILE V. TOPKIS, and BERNARD H. TOPKIS, in equal shares, during their respective lives and at and upon the death of any of my children * * * to pay the income arising from the share of each deceased son or daughter to his or their children of my own blood, in equal shares, until the death of all of my said children and * * * to assign, transfer, and set over the said five hundred (500) shares of the common capital stock of said Company to the grandchildren of my own blood, * * * clear and discharged of all trusts * * *."

The instrument concluded with a spend-thrift provision. It also commenced with a preamble which recited, inter alia: "WHEREAS,

said stock was thus given to and taken by me in my name as Trustee with the intent to create a trust fund for myself and my wife for our respective lives and for our children upon our decease * * *."

By the first item of his last will and testament dated August 29, 1939, David L. Topkis devised and bequeathed his entire estate to his wife Hannah R. Topkis, absolutely and in fee simple. By succeeding items in said will Topkis provided for the disposition of his estate in the event that his wife predeceased him. David L. Topkis died on November 28, 1939, leaving his wife, Hannah R. Topkis, to survive him. The trustees, pursuant to the terms of item Second of said trust instrument, paid the income from the trust to the widow, Hannah R. Topkis, until her death on May 20, 1962. By her last will and testament dated August 29, 1949 Hannah R. Topkis devised and bequeathed the residue of her estate to the defendants in trust for the benefit of her children and grandchildren with provisions, so far as material, identical in effect to those in Item Third of the trust instrument.

The complaint recites the above facts and alleges that it was the intent of the settlor that the income and principal of the trust should be disposed of in the manner provided by Item Third of the trust instrument in any event, whether he survived his wife or she survived him. It further alleges that "through an oversight in drafting" the settlor "neglected to make his intention clear." The trustees ask the court to reform the trust instrument by adding appropriate language to Item Third of the trust declaration which would then read as follows: "THIRD: In case my said wife dies before my own death, then the stock is to be held from and after my death, or in the event I predecease my wife, then upon her death, by my daughters, JACHEBET H. ROOS and SADIE R. KEYSER, or the survivor or successors as trustees * * *."

Defendants' answer admits all of the material allegations of the complaint, including the allegation of the settlor's intent.

In support of plaintiffs' motion they have filed an affidavit of the attorney who drafted the trust instrument. This affidavit recites that the attorney "in 1936 was requested by David L. Topkis to prepare

a Declaration of Trust in the shares of stock of Strand Realty Company, whereby he, as Settlor, would hold the stock in Trust with life income to himself; life income to his wife, Hannah R. Topkis, if she survived him; and at the death of the last survivor of them, the income was to go to their children; and when the last of the children died, the Trust was to terminate and distribution made to the Settlor's grandchildren." The affidavit further alleges that the "plan and intent of David L. Topkis was set out in the preamble clauses, and deponent in drafting the Declaration of Trust believed he did set out the Settlor's plan in the body of the instrument," that "there is no question in the mind of deponent that both David L. Topkis and Hannah R. Topkis * * * wanted the Declaration of Trust to continue and believed it was drafted to continue, after the death of Hannah R. Topkis, even though she survived David L. Topkis," and that "until the matter was called into question, deponent believed he had followed the instructions of David L. Topkis in drafting the terms of the instrument."

■ ■ In this state the law with respect to the reformation of written contracts on the ground of mistake is well established. In order that reformation of such a contract may be decreed it must be shown by evidence that is clear, convincing and free from doubt that the instrument sought to be reformed does not, because of mutual mistake, properly record all of the material provisions of a prior, definite and specific oral agreement made by the parties. *Colvocoresses v. W. S. Wasserman Co.*, 24 *Del.Ch.* 53, 4 *A.2d* 800; *Home Life Insurance Company of America v. McCarns*, 25 *Del.Ch.* 220, 16 *A.2d* 587; *Miller v. Hob Tea Room, Inc.*, 31 *Del.Ch.* 404, 75 *A.2d* 577. Here, however, the instrument with which we are concerned does not pretend to record the provisions of a prior oral argeement. It is rather a voluntary declaration of trust, the settlor having received no consideration for its creation. In such a case a unilateral mistake on the part of the settlor is sufficient to warrant reformation. *Scott on Trusts* § 333.4; *Restatement, Trusts*, § 333; In Re *Trust Estate of LaRocca*, 411 *Pa.* 633, 192 *A.2d* 409; *Kiser v. Lucas*, 170 *Md.* 486, 185 *A.* 441; *Wright v. Goff*, 22 *Beav.* 207, 52 *Reprint* 1087. This principle has also been recognized by this court in *DuPont v. DuPont*, 19 *Del.Ch.* 131 (144), 164 *A.* 238, a case involving the right of the settlor to

revoke a trust. The Chancellor said: "If it be the fact that the instrument [voluntary trust] was executed by mistake [failure to provide a power of revocation], there can be no question of the settlor's right to have the trust set aside. There is no dissent from that proposition. The Delaware cases, * * * recognize it." The same rule is applicable to cases seeking reformation, where that remedy is more appropriate. *Scott on Trusts*, § 333.4.

The elimination of the requirement of mutuality of mistake with respect to voluntary declarations of trust does not relax the quality of proof required to establish the existence of the mistake. The proof must still be clear, convincing and free from doubt. In re *Trust Estate of LaRocca,* supra.

In *Irish v. Irish,* 361 *Pa.* 410, 65 *A.2d* 345, the Supreme Court of Pennsylvania reversed a decree dismissing an action by the settlor to reform a voluntary deed of trust because of the mistake or inadvertence of the scrivener in failing to provide for the occurrence of a certain contingency, which, if it occurred would have resulted, as here, in a reversion to the settlor. It was held that if the evidence clearly established the settlor's intent, at the time he created the trust, to provide for the contingency, an order nunc pro tunc reforming the instrument to conform to the intent was authorized. To the same effect, see In re *Trust Estate of LaRocca,* supra.

██ While some courts have taken a contrary view, the great weight of authority recognizes the power of a court of equity to reform a voluntary trust instrument even after the death of the settlor. *Kiser v. Lucas,* supra; *Wright v. Goff,* supra; *Commercial Trust Co. of New Jersey v. Kohl,* 140 *N.J.Eq.* 294, 54 *A.2d* 473 (testamentary trust); *Restatement of Trusts* § 333. In the Kiser case, the Court of Appeals of Maryland said: "On principle it would seem that if a mistake exist within the rule, it should be cured even if the settlor be dead, provided he died without having confirmed the grant in the form in which it was executed, and all the conditions exist for the reformation of the deed of trust." In *Kerr on Fraud and Mistake,* (6th Ed.), pages 621, 622, the author says: "[I]f a man executes a voluntary deed declaring certain trusts and happens to die, and it is proved from in-

structions or otherwise that the deed was not prepared in the exact manner which he intended, the deed may be reformed and those particular provisions necessary to carry his intention into effect may be introduced." So, in the present case, the fact that the settlor is dead will not preclude the granting of relief if the record clearly and affirmatively establishes that the settlor executed the declaration of trust in the mistaken belief that it provided for the contingency of his death prior to that of his wife. The allegations of the complaint, which are admitted in all material respects by the defendants' answer, the recital of the preamble, and the supporting affidavit of the attorney who prepared the trust instrument[1] clearly, convincingly and without doubt establish the mistake asserted by plaintiffs. They affirmatively show that it was the intention of David L. Topkis, at the time he executed the trust instrument, to provide against the very contingency which has here occurred, namely his death before that of his wife. I am satisfied that plaintiffs are entitled to the relief which they here seek.

It is obvious, in fact plaintiffs' affirmatively represent, that the purpose of their action is to avoid certain tax consequences which would ensue if the corpus of the trust were permitted to pass under the will of the settlor's widow. That the avoidance of tax consequences is a reason for seeking reformation is no indication that the application for relief is in any way improper. Conversely, the avoidance of tax consequences has been recognized as a valid objective. *Scott on Trusts,* § 333.4. And compare, In re *Irénée duPont,* 41 Del. *Ch.* 300, 194 *A.2d* 309. Be that as it may, and whatever the object to be attained, it is clear that this court is empowered to reform a trust instrument for mistake when warranted by the evidence.

The right of the plaintiffs, trustees, to maintain this action is not challenged. That they, as trustees of an express trust, have standing to do so is provided by *Rule* 17(a) of the *Rules of this Court, Del.C.Ann.* Neither is it contended that defendants are not proper parties, or that necessary parties, that is, the beneficiaries of the trust, are not joined. It is obvious that the interests of the beneficiaries of this trust will not be adversely affected by reformation of the trust

---

1. Compare, *In re Trust Estate of LaRocca, supra.*

instrument. If anything, they will be benefited. In such circumstances they are not necessary parties. 89 *C.J.S. Trusts* § 86 p. 883.

An order, on notice, will be signed granting plaintiffs' motion for summary judgment and reforming the declaration of trust in the manner provided in the complaint.