## Connors et al. (Intervener, Appellant) *v.* Ahearn et al.

Argued March 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. R. McGrath,* with him *L. Pat McGrath,* for appellant.

*John M. Gallagher,* for appellees.

PER CURIAM, April 14, 1941:

In 1917 a voluntary committee was organized for the purpose of soliciting funds in order to supply comfort kits and personal necessities in the form of toilet articles, tobies, cigarettes, etc., to draftees under the Conscription Laws of Congress, who came within the jurisdiction of the First Zone Draft Board of the City of Pittsburgh, which zone comprised the First and Second Wards of the city. At the end of the World War in 1918 the sum of $2,395.35 remained of the amount donated and this sum was placed in a savings account, where it has remained ever since, and with the accumulated interest now amounts to $4,174.13. This bill in equity was brought praying that the doctrine of cy pres be applied to the sum, and the Attorney General of Pennsylvania filed his certificate acknowledging that the suit had been properly instituted and that the funds were not escheatable to the Commonwealth. The learned court below, after a hearing, applied the doctrine of cy pres and decreed that the sum on deposit should be used to erect a permanent memorial honoring those from

the First and Second Wards of the City of Pittsburgh who served in the military service of the United States between June, 1917, and November 11, 1918. From dismissal by the court en banc of exceptions to the decree of the Chancellor, the intervening complainant appeals.

The doctrine of cy pres under the Act of April 26, 1855, P. L. 328, as amended by the Act of May 23, 1895, P. L. 114, is "That no disposition of property . . . made for any . . . charitable . . . use, shall fail . . . by reason of the objects . . . ceasing, . . . but it shall be the duty of . . . court having equity jurisdiction . . ., by its decrees to carry into effect the intent of the donor . . ., so far as the same can be ascertained and carried into effect consistently with law or equity . . ." Thus, when a definite function or duty is to be performed, and it cannot be done in exact conformity with the plan of the donors, it must be performed with as close approximation to that plan as reasonably practicable. Admittedly the doctrine should be applied in the instant case, the only question being whether the erection of a permanent memorial is the closest approximation practicable to the original plan. In view of the present national emergency, when men are once again being conscripted into the armed forces of our country, we are constrained to find that it is not. At present similar circumstances to those which gave rise to the fund exist and, therefore, it should be applied to the very same purposes for which it was raised: namely, to supply comfort kits and personal necessities in the form of toilet articles, tobies, cigarettes, etc., to draftees under the present Conscription Laws from the First and Second Wards of the City of Pittsburgh. The record should be remitted to the court below, in order that that tribunal may appoint a committee of five reputable and reliable citizens, not necessarily veterans of former wars, to act as trustees of this fund to expend it in accordance with the directions of this opinion.

8

Decree reversed; record remitted to the court below for further proceedings consistent with this opinion; costs to be paid out of the fund, including a counsel fee of Four Hundred Dollars ($400.00) to be paid A. R. McGrath, attorney for the appellant.