Cameron et al., Appellants, *v.* Kranich et al.

Argued April 20, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charlotte F. Jones*, in propria persona, for appellants (Appeal No. 125).

*Charlotte F. Jones*, in propria persona, appellant (Appeal No. 54), with her *William Vincent Mullin*, for appellants (Appeal No. 177).

*Joseph H. Grubb, Jr., Newbourg, Grubb & Junkin* and *F. Lyman Windolph* submitted briefs for the Trustee, appellee.

Opinion by Mr. Justice Allen M. Stearne, May 24, 1948:

These are three appeals which were consolidated for argument. No. 125 is from the judgment of the Court of Common Pleas of Lancaster County sustaining defendants' preliminary objections to plaintiffs' complaint in ejectment; No. 177 is from the judgment of the Court of Common Pleas No. 1 of Philadelphia County entered for the defendant in an action in ejectment, and No. 54 is from an order of the Court of Common Pleas No. 1 of Philadelphia County discharging petition of Charlotte F. Jones to intervene.

Appellants in Nos. 125 and 177 are heirs at law and next of kin of Jacob M. Long and his niece, Mary C. Melson. They contend that the trust erected by Mary C. Melson under the power of appointment granted to her under the will of her uncle, Jacob M. Long, is void and invalid, and hence title to the two pieces of real estate herein—one in the city of Lancaster and the other in the city of Philadelphia—has devolved upon them. All the *personal property* has been awarded by the Orphans' Court of Philadelphia County to the trustee named in the will of Mary C. Melson for the uses and purposes named in the will.

Jacob M. Long, by his will, provided: "Item: I give, devise and bequeath the House situated on the west side of North Queen Street, Lancaster, in which I now reside and do business as merchant together with the lot of ground thereto annexed and all other buildings on the said lot erected to my niece Mary C. Cameron. In trust for the use and benefit of herself and to receive and enjoy the rents incomes and profits thereof during her life with power to dispose of the said real estate by her Last Will."

Mary C. Melson (formerly Mary C. Cameron) blended the appointive estate with her own. By the tenth and eleventh items of her will she provided: "Tenth:—All the rest, residue and remainder of my

estate, real, personal and mixed, of whatsoever kind and wheresoever situated, remaining after the death or remarriage of my said husband, Maurice H. Melson, I give, devise and bequeath, at or upon the death or remarriage of my said husband, unto The Lancaster Trust Company, and to another Trustee to be appointed by the Court of Common Pleas of Lancaster County, as Trustee, In Trust nevertheless that the said Trustees shall invest the sum of not less than three nor more than five thousand dollars, in the purchase of a suitable location in the City of Lancaster, or in the suburbs of said City, upon which is to be erected by the said Trustees a suitable building, at a cost of not less than ten nor more than twelve thousand dollars, to be known as the Jacob M. Long Memorial Home. . . ."

"Eleventh:—I direct that the said property, so as aforesaid to be purchased and erected, and to be known as the Jacob M. Long Memorial Home, shall be used and maintained for the purpose of a charitable home for worthy persons of means insufficient for their comfortable maintenance and support, the said Trustees being hereby directed to prefer relatives of the late Jacob M. Long, of Lancaster, Pennsylvania, deceased, should there be any requiring assistance in proportion to the nearness of kinship. And in case of failure of such kindred other deserving persons of good habits, who are not wholly capable of supporting themselves shall be the beneficiaries of the Home, at the discretion and selection of the said Trustees, to the end that such persons may be assisted in their maintenance, under proper restrictions, rules and regulations, provided for the government of the Home by the said Trustees and their successors. . . ."

By the terms of successive codicils, increases were made in the amounts to be used in erecting the Jacob M. Long Home. The trustees named in her will were changed. By the fourth codicil to said will, appellee, John Shahedy of Philadelphia, along with the Farmers

Trust Company of Lancaster, was appointed co-executor of decedent's will and co-trustee of the trust. Shahedy was in possession of the premises at 2031 North Park Avenue, Philadelphia, at decedent's death and has remained so up to the present time. The defendants in the action in ejectment brought in connection with the real estate located in Lancaster County were John Shahedy and the lessees who leased the property from Shahedy as executor and trustee under decedent's will. Mary C. Melson's husband, Maurice H. Melson, life tenant named in her will, predeceased her. At the death of Mrs. Melson, the Farmers Trust Company of Lancaster, appointed co-trustee, had been liquidated. Letters Testamentary were granted to John Shahedy as *sole* executor.

There is nothing which we can add to what Judges WISSLER and McDEVITT said in their opinions. Title to both pieces of real estate passed under Mrs. Melson's will to the testamentary trustee. The residuary *personal estate* has been awarded by the Orphans' Court of Philadelphia County to this trustee who is administering the trust. If the object of the trust has proven to be impossible of performance, the Orphans' Court may determine whether the assets of the trust should be applied under the doctrine of *cy pres: Wilkey's Estate*, 337 Pa. 129, 10 A. 2d 425; *Connors et al. v. Ahearn et al.*, 342 Pa. 5, 19 A. 2d 388; *Williams Estate*, 353 Pa. 638, 46 A. 2d 237.

As to Appeal No. 54, wherein Charlotte F. Jones appeals in her own behalf from the Order of the Court of Common Pleas No. 1, discharging her Rule for leave to intervene as a party plaintiff, it will suffice to say that even if there was error in such order, no harm has been done inasmuch as her declared one fourth interest in the real estate in question (because of an alleged assignment in payment for legal services) is derivative from the interest of the other appellants, which interest

failed with the other claimants, when it was determined that title vested in the trustee under the will of decedent. See Rules of Civil Procedure No. 2329, subsection (2) ; 337 Pa. 27a.

The judgments are affirmed.