Black Estate.

Argued October 6, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

reargument refused March 7, 1960.

*Philip R. Hepburn,* with him *Norris, Lex, Hart & Ross,* for appellant.

*James M. Houston,* with him *Donald L. Ewart, Robert T. Grannis,* and *Rose, Houston, Cooper and Schmidt,* and *Irwin and Grannis,* for appellee.

OPINION BY MR. JUSTICE BELL, January 18, 1960:

Myrta E. Black, a resident of Franklin City, Pennsylvania, died testate on June 3, 1956. In a holographic codicil dated 7/29/37 to her last will of February 23, 1923, she provided as follows: "Ex-Bank & Trust Co. to be executor. Balance—to go to Board of Christian Education First Presbyterian Church—N. Y."

392

The Exchange Bank and Trust Company, Executor, and the following claimants appeared at a hearing before an auditor appointed by the Orphans' Court: The executor of the will of Ira E. Black, a cousin, and of Wilda Black Kieffer, a cousin; (the so-called) First Presbyterian Church of New York; The Board of Christian Education of the Presbyterian Church in the United States of America. It is conceded by all that the description of the residuary legatee did not fit exactly any claimant.

It is crystal clear that testatrix intended and willed that her estate should go to some Presbyterian Church in New York or a Board thereof or connected therewith. Where a testamentary intent to make a gift to a religious, charitable, literary or scientific use is clear, the gift will not be allowed to fail by reason of the object or the beneficiary being indefinite or uncertain: *Glase Estate*, 384 Pa. 118, 119 A. 2d 294; *Women's Homoeopathic Hospital of Philadelphia Case*, 393 Pa. 313, 142 A. 2d 292, if the intended object or beneficiary can be ascertained with reasonable certainty.

In *Women's Homoeopathic Hospital of Philadelphia Case*, 393 Pa., supra, the Court said (page 317): "In practical effect, application of the cy pres doctrine results in an approximation: City of Philadelphia v. Heirs of Girard, supra. In applying the doctrine the court exercises its discretion in such a manner as to award the fund to an eleemosynary institution whose services will most nearly approximate the intention of the donor: Connors v. Ahearn, 342 Pa. 5, 7, 19 A. 2d 388."

In applying the doctrine of cy pres, the question narrows down to which Presbyterian Church or Board or Committee the decedent intended to be the recipient of her residuary estate. The auditor and the lower Court might have awarded the balance to either of the

Church claimants or half to each of them. Actually the auditor awarded the balance of the estate, namely, $139,000, to the appellant; the lower Court reversed and awarded the balance to "The Christian Education *Committee* of the First Presbyterian Church of New York [City]" which is popularly known as The First Presbyterian Church of New York.

As aptly stated by this Court in *Lockwood's Estate,* 344 Pa. 293, 25 A. 2d 168 (page 296) : " 'Misnomer is especially frequent in devises to a corporation; usually to a charitable corporation. The real names of such corporations are often never used and never known by people generally; and many testators do not feel the need, in preparing a will, of getting the real name of the proposed beneficiary . . . . Where a corporation is given an erroneous name in a will such a mistake will not avoid the gift if it is possible by means of the name used, or by admissible extrinsic evidence, to identify the corporation intended as beneficiary with sufficient certainty:' 3 Page on Wills, p. 188."

Moreover, the law is well settled that if an ambiguity exists in a will with respect to the legatee or devisee designated by the testator, parol evidence is admissible to aid in clearing up the ambiguity: *Gerety Estate,* 354 Pa. 14, 46 A. 2d 250; *Beisgen Estate,* 387 Pa. 425, 128 A. 2d 52; *Benson Estate,* 380 Pa. 213, 110 A. 2d 412; *Logan v. Wiley,* 357 Pa. 547, 55 A. 2d 366.

As in many such cases it is difficult to determine with certainty the intent of the testatrix. Testatrix was admittedly a woman of intelligence who had had a lifelong interest in the Presbyterian Church. She had been a member of the First Presbyterian Church at Franklin, Pa., from February 3, 1888, until her death and had been an active member of that Church for 68 years, although there was no evidence that she had ever been to The First Presbyterian Church in New York City.

The Committee to which the lower Court made the award was a Committee of The First Presbyterian Church in the City of New York, whose corporate and complete name was "The First Presbyterian Church in the City of New York, founded 1716, Old First, University Place and Madison Square Foundations".

The telephone book of Philadelphia and Pittsburgh records that use of the word "First" as a part of the title of a local Presbyterian Church is a common practice. In the Pittsburgh telephone directory of 1959-60, seven local Presbyterian Churches are designated "First" Presbyterian Church of ——————. In the Suburban Pittsburgh telephone directory ten Churches are listed as "First Presbyterian Church", and seven more are listed as "First Presbyterian Church" but with their locations following. The Philadelphia Bell Telephone directory of July 1959 discloses six First Presbyterian Churches in Philadelphia. In Franklin, Pa., where the testatrix lived, there was only one Presbyterian Church, but its title was "First Presbyterian Church".

There is, we repeat, no Church or board or organization which exactly fits the description or designation in Miss Black's will, nor is there any Church organization or Board or Committee which has the corporate name "First Presbyterian Church of New York". Appellant properly points out that though the Christian Education Program of the New York Church was under the supervision of a Christian Education Committee, this Committee was not entitled "Board of Christian Education" *nor did it have any authority to take property or administer it* independently of the Church.

On the other hand, the appellant is the *"Board of Christian Education* of the Presbyterian Church in the United States of America" which was incorporated in

1923 in the State of New York. The education of the Presbyterian Church in the United States is supervised by the Board of Christian Education of the appellant.

We believe that the testatrix intended to bequeath and devise her residuary estate to the Board of Christian Education of the Presbyterian Church in the United States of America and that it was a clear abuse of discretion to award such estate to a "Committee which had no authority to take property or to administer it" unless specifically authorized by "The First Presbyterian Church in the City of New York, founded 1716, Old First, University Place and Madison Square Foundations".

Decree reversed; all costs to be paid by appellant.