## Wierman Trust

*Spencer G. Nauman* and *W. E. Shissler,* for petitioner.

SWOPE, P.J., August 4, 1975.—The matter presently for determination is whether a testamentary trust created by Thomas T. Wierman for the benefit of several named associations and churches should be reformed as prayed for by the trustee. The motivation behind the trustee's petition is the avoidance of a four percent excise tax on the net investment income of the trust to which the trust may be liable pursuant to section 4940(a) of the Internal Revenue Code of August 16, 1954, as amended, 26 U.S.C. §4940, and the avoidance of possible invasion of trust corpus by virtue of section 4942 of the Internal Revenue Code of August 16, 1954, as amended, 26 U.S.C. §4942.

Thomas T. Wierman created a trust for the benefit of the Pine Street Presbyterian Church, the Home for the Friendless, the Harrisburg Hospital, the Harrisburg Public Library, the Harrisburg Cemetery Association, the Trustees of the Harrisburg Academy, the Central Young Men's Christian Association, the Pennsylvania Railroad Young Men's Christian Association, all of Harrisburg, Pa.; the Tuskegee Normal and Industrial Institute, Chase National Bank, New York, N. Y.; the Berry Schools of Mount Berry, Mt. Berry, Ga.; the Presbyterian Church of Wysox, Pa.; the

Menallen Friends Meeting of Adams County and the Huntingdon Friends Meeting of Adams County, Pa. Four of these beneficiaries are given portions of the income generated by the trust corpus for the express purpose of maintaining the graves of decedent and/or his relatives. The amount to be given to each beneficiary is expressly stated in the trust provisions and the discretionary power of the trustee is very limited, extending only to questions of investment. Since its inception, the trust has been treated as one exempt from Federal income taxation. However, the trust now may be subject to the taxes imposed by sections 4940(a) and 4942 of the Internal Revenue Code of August 16, 1954, 26 U.S.C. §§4940(a) and 4942. The trustee alleges that these taxes could inhibit the ability of the trustee to fulfill the wishes of testator and this difficulty could be avoided by reforming the trust to incorporate it into the Harrisburg Foundation, a community trust not subject to the aforesaid tax provisions.

The Harrisburg Foundation was organized by the Harrisburg Chamber of Commerce in 1920. In general, its purpose is to accept gifts of property to be applied to charitable ends. Although the maker of the gift may designate the uses to which his gift should be applied, in the ultimate, the trustees have the express power to disregard the donor's instructions. Furthermore, the trustees possess broad discretionary powers relating to many areas of administration, as well as distribution.

The petitioner claims that the authority for such reformation may be found in the doctrine of deviation, as expressed in Restatement 2d, Trusts, at section 381, page 273:

"The court will direct or permit the trustee of a charitable trust to deviate from a term of the trust if it

appears to the court that compliance is impossible or illegal, or that owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust."

The operative features of the doctrine of deviation are illegality, impossibility or substantial impairment of the accomplishment of the purpose of the trust. In the present case, there is no evidence that any of these three conditions exist. Testator's intent, although slightly burdened, will not be thwarted by the imposition of a four percent tax on the net investment income of the trust. Substantial benefits will continue to accrue to the beneficiaries despite the imposition of a four percent excise tax. Furthermore, it is unlikely that the trust corpus will be substantially impaired by virtue of section 4942 of the Internal Revenue Code. First, the express terms of the trust requires an annual distribution of the entire income. Second, there is no evidence to suggest that the six percent rate of return effectively required by section 4942 cannot, or will not, be met by the trust. These reasons alone convince the court that the petition should be denied. However, there are several other points that should be made.

The doctrine of deviation, with regard to charitable trusts, is a limited concept dealing essentially with the powers and duties of trustees in the administration of a trust: Weaver Mathematical Scholarship Foundation, 9 Adams 67, 72 (1967). It has no application to the situation where the purpose of the trust becomes impossible of accomplishment. In such a case, the cypres doctrine applies: Black Estate, 398 Pa. 390, 158 A. 2d 133 (1960); Act of June 30, 1972, P. L. 508 (No. 164), sec. 6110, 20 Pa. S. §6110. In the case at bar, petitioner is, in effect, requesting this court to apply,

not only the doctrine of deviation, but also the cy-pres doctrine because the purposes of the Harrisburg Foundation are different from those of the trust herein considered. However, there are no facts before the court to support the application of the cy-pres doctrine.

Petitioner also suggests that if the trust were incorporated into the Harrisburg Foundation, the trustees of the foundation would continue to apply the income from the corpus to the present beneficiaries. In addition, petitioner suggests that as part of our order we direct the trustees of the Harrisburg Foundation to fulfill the trustor's intent, such as was done in Hering Trust, 55 D. & C. 2d 326 (1972). Unfortunately, we can accept neither suggestion. The declaration of trust of the Harrisburg Foundation would preclude the continued legal duty to adhere to the terms of the present trust. The court specifically refers to the provision in the declaration of trust that gives the trustees the power to modify the terms of any gift to it upon a finding that a change in circumstances has rendered compliance with any terms expressed by the donor "unnecessary, undesirable, impractical or impossible." In addition, the nature of the Harrisburg Foundation as a charitable foundation would prevent it from carrying out those provisions of the presently constituted trust that provide money for the maintenance of graves of specific individuals, none of whom were shown to have been public figures. Such gifts are not charitable: Nixon v. Nixon, 67 D. & C. 173 (1948); Restatement 2d, Trusts, §374, comment h; 15 Am. Jur. 2d, Charities, §83. Therefore, the Harrisburg Foundation would be unable to fulfill several specific instructions of the trustor.

Petitioner cited several cases which we believe to be inapposite. Both Irish v. Irish, 361 Pa. 410, 65 A. 2d 345

(1948), and LaRocca Trust, 411 Pa. 633, 192 A. 2d 409 (1963), deal with the issue of whether a trust provision may be reformed because of a mistake by the scrivener. That is not the situation involved herein. Furthermore, the facts in neither Hering Trust, supra, nor Bates Trust (unpublished order of reformation of a trust decreed by this court April 16, 1974), are sufficiently analogous to the facts presented herein to establish those cases as precedent for this case. In those cases, the reformed trust document gave the trustee discretion as to administrative decisions and choice of beneficiary. Therefore, the incorporation of the trusts in those cases into community trusts did not change the substantive nature of the trusts. In the present case, the substantive nature of the trust would be radically changed.

The court in Mode Estate, 54 D. & C. 2d 550 (1972), was presented with a petition similar to the one now under consideration. In that case, the court refused to allow the trustee and beneficiaries to modify administrative provisions of the testamentary trust to the extent necessary to obtain the maximum charitable deduction for federal estate tax purposes. The refusal was based upon the fact that the modifications would be substantive and thereby defeat the effectuation of the intent of the testatrix. In this case, substantive changes likewise would be required. This court seriously doubts that the Harrisburg Foundation would be able to make gifts for the private purpose of maintaining individual graves. Therefore, the reformation of the trust sought by the trustee would defeat the purpose of the trust rather than protect it as is contended in the petition.

For the reasons set out above, petitioner's prayer must be denied, and, accordingly, we make the following

## FINAL ORDER

And now, August 4, 1975, the petition for reformation of trust under the will of Thomas T. Wierman, deceased is hereby denied.