## Eberhardt Estate

*J. Sherman McLaughlin* and *William J. Smith,* for executors.

*Thomas H. Nichols, Jr.,* guardian and trustee ad litem.

BOYLE, *J.,* January 30, 1976 — In the audit of the first and partial account of the executors of the will of the above-named decedent, the question for determination is whether the bequest provided in paragraph Second of decedent's will is a charitable bequest which remains unaffected by the accompanying language which requests that certain of decedent's relatives be preferred in the selection of the persons who are eligible for scholarship aid.

Isabel MacD. Eberhardt died on September 9, 1971. Letters testamentary were issued on her estate on September 20, 1971, to Mellon Bank, N. A., Robert Lee Mason and John McD. Neeson, who were named the executors under her will. Decedent's last will, admitted to probate, is a holographic will dated November 13, 1969, with two holographic codicils dated December 2, 1969, and April 22, 1970, respectively.

This estate has proceeded through administration and, among their other duties, the executors have filed a Federal estate tax return and a first and partial account. In connection with the audit of the Federal estate tax return, the Internal Revenue Service disallowed the claim of a charitable deduction in the amount of $100,598.23, representing a bequest to the Melville Alexander Eberhardt Memorial Fund, a scholarship fund established under paragraph Second of decedent's will, on the ground that said bequest did not comply with the provisions of Treas. Reg. §20.2055-1(a)(2) of the Internal Revenue Code for the reason

that "Benefits may inure to the benefit of private individuals."

The bequest in the will is contained in paragraph Second in the following language:

"Second: I bequeath one-tenth (1/10) of my net estate before payment of State and Federal estate, succession, legacy and inheritance taxes to Mellon National Bank and Trust Company, Pittsburgh, Pennsylvania, Robert Lee Mason, and John McD. Neeson, in trust, nevertheless, to be known as the Melville Alexander Eberhardt Memorial Fund, the income therefrom to be used to provide scholarships in colleges, universities and professional schools for the benefit of students residing in the United States. In selecting eligible students, I request the Trustees to give preference to the descendants of my deceased father-in-law, William Eberhardt, and of my deceased mother, Susan McDonald.

"The Trustees shall have the right to accept in distribution of my estate and retain any securities and other property, real and personal, owned by me at the time of my death and shall have the power to invest and re-invest the principal of the trust in any kind of property, real or personal without being limited to legal investments for trust funds. The Trustees, in their discretion, may use all of the income for one scholarship and, in determining the amount of a particular scholarship, the Trustees may include travel, board, and personal expenses as well as tuition charges.

"Upon the death of an individual Trustee, or upon his incapacity to act, or upon his resignation, I direct that some other qualified descendant of my father-in-law, William Eberhardt, or of my deceased mother, Susan McDonald, shall be appointed."

As a result of the action by the Internal Revenue Service, the executors filed a protest to the assessment of the deficiency, which protest was considered but denied on or about April 8, 1975. Thereafter, the executors, on or about July 3, 1975, filed a petition with the United States Tax Court asking that court to determine that the claimed charitable deduction was proper and allowable. This matter is pending now in that court.

The executors thereafter filed a first and partial account in this court requesting an adjudication and interpretation of paragraph Second of decedent's will, quoted supra. At the audit, the court was advised that the bequest under paragraph Second of the will of ten percent of the net probate estate in dollars would constitute a distribution of $100,598.23. It was suggested to the court that this question as to whether the trust is charitable or private should be set down for hearing with notice to all parties in interest, including the Internal Revenue Service and the Attorney General of the Commonwealth of Pennsylvania. Further, since there appeared to be interests of minor children and unborn and unascertained persons in the question raised for adjudication, the executors recommended that the court consider the appointment of a guardian ad litem and trustee ad litem to represent these interests.

By order of this court on October 29, 1975, Thomas Harrison Nichols, Jr., Esq., was appointed guardian ad litem to represent the interest of minors, including John Joseph Neeson, II, Eileen Frances Neeson, Mary Cecelia Mason and James Melville Mason, and trustee ad litem for any issue of any minors and for all unborn, unknown or unascertained persons having a possible interest in this decedent's estate.

Further, by order of this court dated October 30, 1975, a hearing was scheduled for November 18, 1975, to consider the question for adjudication as set forth in the petition for distribution and specifically Exhibit K to same, which related to the interpretation of paragraph Second of decedent's will. Notice of this hearing was given to all interested parties, the guardian ad litem and trustee ad litem, the Internal Revenue Service and the Attorney General of the Commonwealth of Pennsylvania. The hearing was held on November 18, 1975.

After consideration of the record and the briefs filed, the court holds that the dominant intent of decedent in making provision for the creation of the Melville Alexander Eberhardt Memorial Fund was to create a charitable trust. The language of paragraph Second is precise and specific in the language which states that the income from the fund is ". . . to be used to provide scholarships in colleges, universities and professional schools for the benefit of students residing in the United States." That this language provides for a charitable trust is indisputable. The added language in the next sentence of paragraph Second provides that "In selecting eligible students, I request the Trustees to give preference to the descendants of my deceased father-in-law, William Eberhardt, and of my deceased mother, Susan McDonald." This language is precatory and not mandatory. It does not require the trustees to limit or prefer certain private persons as recipients of scholarships. It does not convert the Melville Alexander Eberhardt Memorial Fund into a private trust. The trust remains a charitable one as provided in the first sentence of paragraph Second of the will.

The conclusion reached herein is supported by numerous authorities, viz.: Restatement 2d Trusts §375 (1959) states:

"A trust is not a charitable trust if the persons who are to benefit are not of a sufficiently large or indefinite class so that the community is interested in the enforcement of the trust."

Comment d. of this section, at 263, reads as follows:

"[A] trust for the relief of poverty or the advancement of education where the recipients are not limited to descendants of the settlor is a charitable trust and is valid, although by the terms of the trust preference is to be given to descendants of the settlor."

Similarly, Restatement 2d Trusts §370, comment k (1959), in even more specific language, states:

"A trust for the promotion of education is not charitable if the beneficiaries are limited to the members of a class so small that the relief of the class is not of benefit to the community. Thus, a trust for the education of persons designated by name is not charitable. The mere fact that the class of persons to be benefited is potentially large is not necessarily enough to make a trust for their education a charitable trust. Thus, a trust for the education of the descendants of the settlor is not a charitable trust; but a trust to establish a scholarship not limited to descendants of the settlor is charitable although preference is to be given to descendants of the settlor."

4 Scott, Trusts §375.3 (3d ed. 1967) reiterates the same theme:

". . . [I]n the United States as well as in England, it is held that a trust for the relief of poverty

or the promotion of education is charitable, although by the terms of the trust it is provided that in selecting beneficiaries preference should be given to relatives or descendants of the testator or of other designated persons."

To the same effect are decided Pennsylvania cases.

In Lawson's Estate, 264 Pa. 77, 107 Atl. 376 (1919), it was held that a bequest to an unincorporated society having for its objects the relief from distress of its own members and all other needy persons of British nativity and descent in the City of Philadelphia, is a bequest for a charitable use. The court said that the mere fact that members of the association could also share in the general benevolence would not, ex necessitate, defeat the charity, so long as the gift was for an indefinite number of persons.

In this regard, there was evidence in the case that, so far as the society's benevolence was concerned, the members were placed on a par with all other needy persons of British nativity or descent in Philadelphia, and that in the past many non-members had received assistance.

See also Cameron v. Kranich, 359 Pa. 472, 59 A. 2d 88 (1948); Stewart's Estate, 48 D. & C. 526 (1943); Walker Estate, 21 D. & C. 2d 512 (1959); Commonwealth Trust Co. of Pittsburgh v. Granger, 57 F. Supp. 502 (W. D. Pa. 1944).

In P.L.E. Charities §12, it is stated:

"A trust is not deprived of its charitable nature or converted into a mere private trust because the testator's relatives may receive certain preferences."

And in paragraph IV of the annotations to 131 A.L.R. 1277, the following comment appears:

"There is virtually complete agreement among the authorities that an otherwise charitable trust, looking to the benefit of the public generally, is not rendered private merely because the donor directs that relatives or descendants shall be preferred in the selection of beneficiaries."

That the trust in the case at bar is a charitable one is also strongly supported by the decisions in Estate of Agnes C. Robinson, 1 T.C. 19, and Estate of Annie Sells, 10 T.C. 692 which present analogous fact situations.

The court holds that the Melville Alexander Eberhardt Memorial Fund is a charitable trust.

A decree of distribution will be entered in accordance with the facts established by the petition for distribution, the other facts appearing in the record of the audit and in accordance with this opinion.