# Lancaster and Mintzer's Appeal.

1. The appointment of a trustee under a will of the decedent *vice* one removed, by the Orphans' Court, without notice to all the parties in interest, will be revoked on the petition of a party in interest, who had no notice, without any other cause than want of notice being shown.

2. When a trustee is appointed by the Orphans' Court, without notice to all the parties in interest, a party in interest who had no notice is not estopped from petitioning the court for the removal of said trustee by reason of (*a*) the lapse of five months since the appointment, or (*b*) the receipt from said trustee of income. due.

3. All parties in interest in a proceeding in the Orphans' Court are entitled to notice of every petition or motion, not grantable, of course, as provided by the statutes.

January 18th, 1886.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Philadelphia county*: Of January Term, 1885, No 133.

Appeal of Sarah A. Lancaster and George W. Mintzer from the decree of the Orphans' Court, made June 28th, 1884, dismissing their petition for the vacation of the appointment of The Guarantee Trust and Safe Deposit Company as trustee and administrator, *d. b. n. c. t. a.*, of the estate of William G. Mintzer, deceased.

William G. Mintzer died testate in Philadelphia, July 6th, 1869.  His will is dated April 24th, 1869.

He left surviving three children, namely: George W. Mintzer, Sarah A. Mintzer (now Lancaster), and Maria L. Mintzer, the latter dying in her minority intestate and unmarried.

Testator gave $10,000 to his executors in trust, to pay the income to Mary D. Chester (whom he calls his housekeeper) for life, and at her death to become a part of his residuary estate.

His residuary estate he gave to his executors in trust, and appointed Samuel W. Thackara and Alexander Thackara executors and trustees.  Samuel died in 1877, and Alexander became the sole surviving executor and trustee, and continued to act as such until the appointment of appellee in his stead.

At this time the entire estate, by reason of the death of Maria L. Mintzer and others having a life income, was, under the will, vested in Alexander Thackara as surviving executor, in trust, to pay said income on $10,000 to Mary D. Chester for life, said sum upon her death to drop into the residuary estate;

and as to the residuary estate, to pay one half of the income thereof to Sarah A. Lancaster for life, and the other one half of said income to George W. Mintzer for life, with the proviso, that if either of them die, his or her issue shall enjoy the income of their parent during the life of the survivor, and upon the death of both, then to distribute among their issue then living by representation; and should both die without issue, then under the intestate laws.

October 16th, 1883, a petition was presented to the Orphans' Court, signed " Geo. W. Mintzer by his attorney," in which " attorney for Alex. Thackara " joined in the petition.

It was not signed by George W. Mintzer.

This petition is not sworn to, sets out only the interest of George W. Mintzer and his children, and mentions no other interest.

The sole ground of complaint is want of harmony between the petitioner and the trustee.

The prayer is for the dismissal of Thackara and not for the appointment of a new trustee, and in this prayer the attorney for Thackara joins.

October 16th, 1883, the court decreed the vacation of letters testamentary to Thackara, and that the Register of Wills be authorized to grant letters *d. b. n. c. t. a.* to appellee.

October 19th, 1883, without a petition praying for the appointment of a new trustee, the court appointed appellee as trustee in the place of Thackara.

At the time of said appointment, and until after appellants' petition was presented, the appellee was the guardian of the estates of the minor children of George W. Mintzer.

Mr. Thackara, shortly prior to the presentation of the petition of October 16th, 1883, had left the jurisdiction and has not returned, nor have appellants had any tidings from him.

Up to this period, neither Sarah A. Lancaster nor Mary D. Chester had any knowledge whatever of Thackara's disappearance, nor of the petition of October 16th, 1883, and the appointment of appellee, nor of any subsequent proceedings by appellee.

No notice of the petition or of any other proceedings was given to Sarah A. Lancaster or to Mary D. Chester, though all were well known to George W. Mintzer.

Upon learning of these proceedings, Sarah A. Lancaster, March 15th, 1884, five months after appointment of appellee, petitioned to have the appointment vacated and for leave to name another in its stead. She was joined by George W. Mintzer and Mary D. Chester, constituting all the parties in interest, petitioners. April 1st, 1884, appellee filed its answer,

in which it does not deny any of the material facts of the petition.

The cause was argued upon petition and answer, and several weeks after the argument, and before any opinion had been rendered or decree made, Mary D. Chester, styling herself as Mary D. Mintzer, and the *widow* of testator, petitioned for leave to withdraw as a party.

Sarah A. Lancaster filed her answer thereto, supported by affidavits, in which she denied every allegation of the petition of Mary D. Mintzer.

June 19th, 1884, the cause was called for argument upon petition and answer, and no one appearing on behalf of said petition of Mary D. Chester, it was, on motion of respondent's attorney, dismissed.

The court filed the following opinion and decree dismissing the petition of Sarah A. Lancaster praying for vacation of the appointment of appellee.

From which this appeal is taken.

Opinion by HANNA, P. J., June 28th, 1884.

It is true, as alleged by petitioners, that the appointment of the trustee appears from the record to have been inadvertently made, and not in accordance with the evident intent of the Acts of Assembly upon the subject, and the established practice of the court. But, after a careful consideration of all the facts and circumstances, we are constrained to think it will be to the interest and advantage of all the parties not to disturb and vacate the appointment. Under the peculiar circumstances presented, the acquiescence of the petitioners for months, the absence of any mismanagement or neglect, or any evidence that the rights of the *cestuis que trust* will be prejudiced by any acts or omissions of the trustee, or incapacity to faithfully perform the duties of the trust, no advantage will be gained by the change desired by petitioners. The effect of granting the petition will be a considerable expense to the parties, and a repetition of costs and charges in favor of a new trustee, all of which should, if possible, be avoided, and not imposed except in case of necessity. As we do not recognize any such necessity in the present case, we must dismiss the petition.

Petition dismissed.

The appellants thereupon took this appeal, assigning for error *inter alia* the decree of the court that the " Register of Wills is authorized to grant letters of administration *d. b. n. c. t. a.* on said estate to The Guarantee Trust and Safe Deposit Company of Philadelphia," and the appointment of said company as trustee under the will of William G. Mintzer, deceased.

[Lancaster and Mintzer's Appeal.]

*John A. Scanlan*, for appellants.—Upon petition filed, the court should have awarded a citation to parties in interest.

No citation issued in this case.

A petition to dismiss a trustee and substitute another should be signed by some party in interest, and be accompanied with an affidavit of the truth of the facts alleged. Other parties in interest are entitled to notice.

In Okeson's Appeal, 2 Grant's Cases, 303, LEWIS, J., says: "The Act of 29th March, 1832, is imperative in directing the manner of proceeding in the Orphans' Court to obtain the appearance of a person amenable to its jurisdiction, and to compel obedience to its orders and decrees. It is essential that a petition for a citation should come from some person interested, and the facts necessary to show the interest and to give the court jurisdiction, with the specific cause of complaint and the relief desired, must be supported by oath or affirmation."

Under the decree of the court below notice to parties required by its own rules as well as by the Acts of Assembly amounts to nothing so long as the parties complaining of the want of notice can urge no mismanagement against the new trustee.

The Orphans' Court is a statutory court, and must conform to the statutes giving it jurisdiction.

The Act of June 14th, 1836, Purd. Dig., page 1418, pl. 24, relative to the removal and appointment of trustees, provides "The power of appointment as aforesaid may be exercised on the application by bill or petition of any person interested in the estate or property which is the subject of the trust, and not otherwise, and after due notice to all parties concerned.

The Act of April 10th, 1849, Id., page 1423, pl. 56, relates to the appointment of a trustee in place of one of several executors dying, removing, resigning or being dismissed; also requires notice to parties in interest.

The Act of April 9th, 1868, Id., page 1425, pl. 65, reads " *cestui que trusts*, or a majority of them having the life estate, shall have the right to elect or choose trustees to execute said trust," and upon their petition the Orphans' Court "shall remove the acting trustee or trustees and appoint other or others as chosen or elected by said parties."

This Act, in plain language, gives the absolute right to choose trustees, and says the Orphans' Court shall remove the acting trustee or trustees, and without any qualification as to cause.

Parties in interest must be notified: Stevenson's Appeal, 18 P. F. S., 101; Sensman's Appeal, 9 Harris, 331.

The doctrine of acquiescence requires something more than mere inaction. The Statute of Limitations requires years to

[Lancaster and Mintzer's Appeal.]

elapse before a right is barred. But the doctrine of acquiescence if rightly applied to this case bars the right in five months.

Acquiescence never works an estoppel unless a third party has been misled thereby, and would be injured if the acquiescing party be allowed to assert his right.

Silence does not estop where the other party having notice of the fact cannot be misled: Larkin's Appeal, 38 Pa. St., 457, reversing 4 Phila. R., 95.

Silence will postpone only where silence is a fraud: Robinson *v.* Justice, 2 P. & W., 19; Davidson *v.* Barclay, 63 Pa. St., 406; Lawrence *v.* Luhr, 65 Id., 236.

Mere acquiescence in an erroneous levy and sale will not estop defendant in the execution, if the mistake were not brought about by his action: McLaughlin *v.* Shields, 12 Pa. St., 283.

A party is not estopped by standing by whilst an act of hostility to his rights is committed in his presence: Paul *v.* Squibb, 12 Pa. St., 296.

A failure to remonstrate against the erection of a nuisance does not operate as an estoppel: Burt *v.* Smith, 3 Phila. R., 363, and many other cases.

It is not pretended here that injury will result to any one except to appellants.

The court below gauges that injury by the costs to be put upon appellants should it grant their prayer, while appellants look upon such an injury as a blessing in disguise, if paying these costs it will enable them to have a voice in the management of their own property.

*Daniel Dougherty* (*A. B. Guilbert* with him), for appellee.— One, if not the principal objection urged by the appellant is that the petition of George W. Mintzer was not sworn to. This objection is not mentioned in the petition of Sarah A. Lancaster in the court below for vacating appointment of present trustee. It therefore is not properly before this court.

In truth, the petition was sworn to, but the *jurat* was omitted through a mistake of the clerk.

Would it have been better to have issued a citation to Sarah A. Lancaster to show cause why Alexander Thackara should not be dismissed and Guarantee Trust Company appointed in his stead, returnable ten days afterwards, and in the meanwhile allow Thackara through others to withdraw additional assets from the jurisdiction of the court?

It was under these circumstances that the Orphans' Court, on motion of counsel at the time representing George W. Mintzer, who was entitled to one clear half of the income, and

who was the only party who at the time was willing to take active adverse steps against Thackera, appointed the Guarantee.

Mrs. Mary D. Mintzer was aware of the appointment, and acquiesced in it, and it was naturally supposed Sarah A. Lancaster would agree in proceedings so beneficial to her interests and the interests of her children.

The Act of April 22d, 1846, section 1, Brightly's Purdon, 1655, pl. 52, provides: "In all cases where any trustee or trustees created or vested with authority by the last will and testament of any deceased person . . . . . shall die, resign, or be otherwise removed from the trust, the Orphans' Court of the proper county shall have power and authority to appoint another trustee or trustees to supply the vacancy. . . . ."

So, too, under Act of May 1st, 1861, Brightly's Purdon, 1657, pl. 58, the Orphans' Court has power to remove trustees whenever it shall be made to appear that for any reason the interests of the estate are liable to be jeopardized, and if the case shall require dispatch, to appoint some suitable person to discharge such trust.

It will be observed that the petition of Sarah A. Lancaster does not ask the revocation of the discharge of Thackara. It justifies it even though the *jurat* were omitted. The only objection is to the appointment of Guarantee Trust and Safe Deposit Company.

Prompt action of the new trustee rescued from the ruins $50,789.56. Thackara made way with $31,438.29. The appointment, therefore, of the Guarantee Company as trustee had a laudable object and beneficial effect, and the party of all that should be most grateful is the very one that now complains.

It is urged that the Act of April 9th, 1868, Brightly's Purdon, p. 1658, section 64, which is restricted to Philadelphia, gives the *cestui que trust*—having the life estate—the absolute and unrestricted right to remove the acting trustee and appoint another chosen or elected by said parties.

It is admitted that the language of the Act directly points to such power in the holders of life estate. But the irretrievable injury that would inevitably follow from such an interpretation has induced this high court most wisely to give a more reasonable and safer meaning to the Act. This Act is to be construed, as was decided in Stevenson's Appeal, 18 P. F. S., 101, not as mandatory but advisory.

Now, this opinion of the Supreme Court exactly fits the facts of this case. .

The estate was put in trust to save it from the appellant. The testator declared both George W. Mintzer and Sarah A.

1 AMERMAN—34

Lancaster to be spendthrifts. He plainly says in his will he has no confidence in their capability, for he strives, with the severest accuracy of expression, to guard the income so that even according to the decision of the court in Thackara *v.* Mintzer, 4 Out., 151, George W. Mintzer could have the income, though his injured wife and children might be starving for bread.

The appointment of Guarantee was made on petition of George W. Mintzer, who has received his income regularly from the trustee, the first payment being made him the very day that the Guarantee Company was appointed trustee October 19th, 1883, followed by payments made to him and by his direction to his wife every other month. At the time of the presentation of the petition to vacate he had received in the five months $1,056.72.

Surely George W. Mintzer is estopped from asking for the discharge.

Sarah A. Lancaster acquiesced in the appointment for five months, received from the trustee on February 28th, 1884, in one payment, the whole amount of her income, $1,056.77, and then fifteen days afterwards, namely, on March 15th, 1884, presented petition to vacate appointment.

The appointment is concurred in by May D. Mintzer, who in her petition says her name to the petition to vacate was obtained under erroneous representation.

Surely where a trustee has been thus appointed, and has faithfully and intelligently discharged the duties of the trust, the appointment will not be vacated, as says Judge LUDLOW in his opinion affirmed by Supreme Court, Stevenson's Appeal, "at the mere whim of a *cestui que trust.* To do so would be to place the new trustee under the control of a *cestui que trust.*"

Mr. Justice TRUNKEY delivered the opinion of the court, February 15th, 1886.

The decree removing Alexander Thackara from the office of executor and trustee is unassailed. There was no written petition or motion for the appointment of an administrator and trustee in the place of Thackara.

It is remarked in the opinion filed in the Orphans' Court, "that the appointment of the trustee appears from the record to have been inadvertently made, and not in accordance with the evident intent of the Acts of Assembly upon the subject, and the established practice of the court." That this is true is alleged by the appellants and not gainsaid by the appellee. Beyond question, Mrs. Lancaster had no knowledge of the proceeding until after the appointment of the Guarantee Trust

and Safe Deposit Company, and within five months from the date of appointment, she presented her petition for vacation of the decree. That period is not so long as to prejudice her right. She did no act of acquiescence. Her receipt of the income due her, shortly before presentation of the petition, in nowise induced any action to the injury of the trustee. When the appointment was made on the oral motion of one party in interest, and the appointee accepted the trust and entered upon its duties, Mrs. Lancaster was without notice and therefore silent.

Why should this inadvertent decree, made in violation of the statutes and established practice, stand ? True, the appointee is of high character and good capacity, no fault or neglect in the management of the trust is alleged, and to vacate the appointment will cause considerable expense, and may not be to the pecuniary advantage of anybody. But, not complaining of the fitness of the appointee for faithful and efficient performance of the duties of the trust, the appellants claim that their rights were wholly disregarded in the proceeding for the appointment, aside from mere irregularities and absence of a petition, in this, that none of the parties in interest, except George W. Mintzer, had notice or knowledge, and therefore no opportunity to appear. Their right to notice under the the statutes enacted prior to 1868, is clear. Under the Act of April 9th, 1868, P. L., 785, in the city of Philadelphia, " the *cestui que trusts*, or the majority of them having the life estate," shall have the right to elect or choose trustees to execute the trust, and the court shall appoint trustees as chosen or elected by the parties. Since that enactment it is imperative that all parties having a life estate shall have notice, even if it were otherwise under the other statutes relating to the subject. Though it was decided in Stevenson's Appeal, 68 Pa. St., 101, that the Act shall not be construed to compel the court to appoint an improper person on the nomination of the parties, yet the court is bound to hear their petition. If a majority of the interested persons choose a trustee, the court ought not to act, unless the minority appear or have notice. The minority may assent, or give information that the majority present an unfit person. Or the person may be in every way honest and capable, and it be improper to appoint him an administrator and trustee, as when he is already guardian for a minor interested in the estate. Where all parties have been warned the court is well advised for judgment. The court judges of the fitness of the person, and whether it would be improper to appoint him, and is not bound to appoint one deemed unfit or improper because he is named by the parties. All parties interested in a proceeding in the

Orphans' Court are entitled to notice of every petition or motion, not grantable, of course, as provided by the statutes.

But of what avail is the right to notice and opportunity to be heard, if upon complaint for its deprivation, it is a good answer that to set aside the unlawful act would result in pecuniary loss to the complainant as well as the parties who moved that it be done? As well might it be said when judgment has been entered against a man in default of appearance, without the issue or service of a writ, that to strike it off would put the parties to costs and expense, and it shall stand unless the defendant shows he has a good defence against the claim on which it was founded. Where an order, decree, or judgment has been wrongfully entered without notice to a party who was entitled to notice, such party may demand its vacation, at least to the extent that it affects his interest. His right is that he be heard before the judge or court decides, not that there may be an *ex parte* hearing and adjudication, after which he may, if he can, show that the adjudication unjustly affects him.

> The decree that the " Register of Wills is authorized to grant letters of administration d. b. n. c. t. a. on said estate to the Guarantee, Trust and Safe Deposit Company of Philadelphia," and said company is appointed trustee under the will of William G. Mintzer, deceased, is reversed. Appellee to pay the costs out of the trust money in its hands.

Record remitted for further proceeding.