## Stolzenbach's Estate.

Argued September 30, 1942. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas Lewis Jones,* for appellant.

*Howard Zacharias,* with him *James R. Orr,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 23, 1942:

These appeals challenge the power of the orphans' court to vacate its appointment of a corporate trustee to fill the vacancy created by the resignation of an individual co-trustee of a testamentary trust.

William F. Stolzenbach, the decedent, died testate on December 12, 1940, naming his wife sole executrix of his estate. After payment of debts and funeral expenses, he gave the entire residue of his estate to his

wife, Helen M. Stolzenbach, and his lawyer, A. Devoe P. Miller, Esquire, in trust to pay the income to the wife during her lifetime, and at her death to pay over the corpus to five named charities in equal shares. In the event Miller should not survive him, or should die within the lifetime of the wife, testator provided for appointment of Potter Title and Trust Company as substituted trustee "to act as trustee together with my said wife, Helen M. Stolzenbach", but made no provision whatever for a successor to the wife in the event of her inability or refusal to act.

On April 17, 1941, before filing her account as executrix, the widow petitioned the orphans' court to resign as trustee, "because of the condition of her health and her lack of knowledge of the duties required of trustees", suggesting appointment of the Union Trust Company of Pittsburgh as her successor. By an order made the same day, the court, with the consent of Miller, original co-trustee, but without notice to Potter Title and Trust Company or to any of the interested charities, accepted the resignation of Mrs. Stolzenbach and appointed Union Trust Company in her place, as requested. Miller died on June 27, 1941, and thereafter, on December 2, 1941, the widow, as executrix, filed a first and partial account, showing a balance for distribution in the sum of $138,819.16. The account also shows that no distribution of any of the assets has been made, either to the trustees named in the will or to Union Trust Company, as successor trustee under the order made by the court on April 17, 1941.

At the audit of the executrix' account, on January 20, 1942, Potter Title and Trust Company objected to the distribution of any of the assets to Union Trust Company, and on February 9, 1942, prior to confirmation of the account, it filed a petition asking that the order appointing Union Trust Company as successor trustee be vacated and that the amount for distribution, as shown by the account, be awarded "to the trustees duly

appointed by the will of said decedent, viz, said Helen M. Stolzenbach and your petitioner duly appointed as Trustee by said testator upon the death of said A. Devoe P. Miller, and in the event of her disclaimer to act as such trustee, then to your petitioner as present surviving trustee." Answers were filed by Mrs. Stolzenbach and by the Union Trust Company asking that the petition be dismissed and that the assets be awarded to the latter and Potter Title and Trust Company, as corporate co-trustees. After hearing, the court en banc, on March 17, 1942, entered a decree revoking the appointment of Union Trust Company as co-trustee, and by another decree, filed on the same date, awarded the balance, less $75,520.16, distribution of which was suspended pending settlement of estate taxes, to Potter Title and Trust Company, as "successor trustee." Exceptions filed by Mrs. Stolzenbach to the revocation of the order of April 17, 1941, and to the failure of the court to award the distributable balance to Union Trust Company, as co-trustee, were dismissed by the court; hence these appeals.

Referring to the order of April 17, 1941, the court below states: *"Inadvertently* an order was made appointing the Union Trust Company as trustee without notice to or consent of the trustee named in the will. This was a violation of the statute enacted for the purpose of appointing trustees in the place of trustees dying, renouncing, dismissed or refusing to act: see Fiduciaries Act of 1917, section 56(a)." That act provides as follows: "Whenever, by the provisions of any last will and testament . . . a trust has been or shall be declared . . . to be executed by a trustee or trustees named in said will . . . and any of the said . . . trustees shall die, renounce, resign, be dismissed from or refuse to act in the said trust, leaving the other . . . trustee or trustees continuing therein, it shall be lawful for the orphans' court . . . on the application of any party in interest, and *with the consent of such con-*

*tinuing . . . trustee or trustees, with notice to all persons interested,* so far as such notice can reasonably be given, to appoint a trustee or trustees to take the place of the trustee or trustees so dying, renouncing, dismissed or refusing to act . . ."

In *McCaskey's Estate,* 293 Pa. 497, 505, it was pointed out that the phrase "all persons interested", as used in the statute, includes persons having a "prospective" interest as well as those having a "present" interest in the trust, and we think a like broad interpretation was intended to be given the words "continuing trustee or trustees" as the court below has in effect held. Otherwise the purpose of the statute might largely be defeated by the simple expedient of obtaining appointment of a successor co-trustee in advance of the time for distribution to the trustees, as was done here. As such trustee, Potter Title and Trust Company was at least entitled to notice of the proceeding for appointment of the Union Trust Company as successor corporate co-trustee and may now attack the validity of the appointment on the ground that notice was not given. "Where an order, decree, or judgment has been wrongfully entered without notice to a party who was entitled to notice, such party may demand its vacation, at least to the extent that it affects his interest. His right is that he be heard before the court or judge decides, not that there may be an ex parte hearing and adjudication, after which he may, if he can, show that the adjudication unjustly affects him": *Lancaster and Mintzer's Appeal,* 111 Pa. 524, 532. Moreover, it must be recognized that a primary purpose of the limitations imposed by the statute upon the appointment of successor trustees is to guard against hasty and ill-advised appointments by the court, without being fully advised as to all the facts: *Lancaster and Mintzer's Appeal,* supra, 531. Here it is stated by appellee and not denied by appellant that Miller, named as co-trustee with the widow, was not in good health at the time of Union

Trust Company's appointment, and under the will Potter Title and Trust Company stood ready to take his place, without the necessity of appointment by the court. "Where a vacancy occurs in the trusteeship, his successor, appointed by the will, takes his place automatically": *Bailey's Estate*, 306 Pa. 334, 338. Had notice been given, as required by the statute, then the court would have been apprised of these matters, and if so apprised it is inconceivable that the ill-advised order of April 17, 1942, would have been made, resulting in the anomalous situation of corporate co-trustees—a situation not contemplated by the will and one which should be avoided, for obvious reasons, unless imperatively required. Under such circumstances the court was not powerless to correct its error by vacating the appointment of Union Trust Company, "inadvertently made", upon being informed of the facts, and its action in so doing, prior to any distribution to the trustees, furnishes no just cause for complaint. Compare *Correll, Receiver's Account*, 283 Pa. 277, 280; *Houghten v. Restland Memorial Park, Inc.*, 343 Pa. 625, 629.

For answer to the argument of appellant that the court below erred in awarding the distributable balance to Potter Title and Trust Company "as sole trustee", it is sufficient to say that no such award has been made. The award is to Potter Title and Trust Company as "successor trustee" under the terms of the decedent's will. There is no provision in the will indicating there should be two trustees at all times, and in the absence of such provision there is no rule absolutely requiring that the vacancy created by appellant's resignation be filled. As stated in Restatement of Trust, section 108, comment (b): "If the settlor names several persons as trustees and one of them dies or is or becomes incapable of acting as trustee or disclaims or resigns or is removed, a new trustee will be appointed to take his place if settlor manifested an intention that the number of trustees should not be diminished. In the absence of any such

provision in the terms of the trust, vacancies will be filled if, but only if, it appears conducive to the proper administration of the trust to fill such vacancies . . ." See also *Corn Exchange Nat'l Bank & Trust Co. v. Jones,* 112 Pa. Superior Ct. 32, 37. If appellant deemed appointment of another individual to act in her place as co-trustee with Potter Title and Trust Company, named as successor trustee by the will, more conducive to a proper administration of the trust, then she should have made an application to the court, so stating, to be acted upon after notice to all parties as required by the Act of 1917, section 56(a). No such application was made or passed upon by the court below, however, and the matter is not, therefore, one for decision by us on this appeal. All we decide is that the course pursued in making the appointment of Union Trust Company, without notice to any of the five interested charities or the successor trustee, was improper, and that in its vacation of that appointment no abuse of discretion by the court below has been shown.

The decrees are affirmed at appellant's cost.