## Finley Estate

[REDACTED]

*Norman R. Schade, Campbell, Thomas & Burke,* for accountant.

*Frank J. Gaffney, Thorp, Reed & Armstrong,* guardian and trustee ad litem.

RAHAUSER, J., February 25, 1970.—This case comes before the court on the audit of the fifth account.

J. B. Finley, a resident of the City of Pittsburgh who made his last will and testament dated July 11, 1904, died February 27, 1919. His will is of record in the office of the Register of Wills of Allegheny County in will book volume 155, page 72. The salient portions of his will are as follows:

*"FOURTH:* The rest and residue of my estate, real, personal or mixed, wheresoever found, I give, devise and bequeath unto the Monongahela City Trust Company of Monongahela City, Pennsylvania, Joseph A. Herron of Monongahela City, Penna. and William O. Campbell of Sewickley, Allegheny County, Penna. and *their successors,* in trust, however, for the following uses and purposes:-

"1st. *That the same be invested by them in safe interest bearing securities, with power in said Trustees from time to time to change said investments at their discretion;* and of the income received I direct that they pay unto my wife, MARGUERITE FINLEY, monthly the sum of One thousand dollars, during her natural life.

"2d. So much from the income of said fund as in the discretion of the Trustees shall be deemed necessary and reasonable, shall be appropriated to the support and maintenance of my brother, BYRON S. FINLEY, and my sister, FLORENCE E. FINLEY, during their natural lives.

"3d. The sum of One hundred dollars to be paid monthly during their natural lives, to each of the following persons: ROWLAND W. FINLEY, LAURA W. FINLEY, CATHERINE F. WOOLEY, JAMES W. FINLEY, WILLIAM P. FINLEY, ROBERT B. FINLEY, SYLVANIA FINLEY and ANNIE F. BOWMAN.

"4th. The remainder of the income from my said estate I directed to be divided into four equal parts, to be expended and donated by my said Trustees or their successors, to charitable purposes, in the manner following: - One-fourth thereof to the advancement of the cause of the Christian religion, one-fourth to the advancement of the cause of education, and one-fourth to the advancement of any other charitable purpose or purposes other than religious or educational, the remaining one-fourth to be invested by my said Trustees, or their successors, as principal, until the principal of my estate shall amount to the sum of Three Million Dollars. When the same shall reach the said sum of Three Million Dollars, then the income is to be expended and donated by my said Trustees, as follows: - One-third for the advancement of the Christian religion, one-third for the advancement of the cause of education, and one-third for the advance-

ment of any other charitable purpose or purposes other than religious and educational, the said sums to be distributed annually to the respective causes, and at shorter intervals in the discretion of my said Trustees, they to have full discretion to select the person, corporation, church, society, association, board or medium, through and by which these different purposes shall be promoted, and to whom this income shall be paid for the advancement of said respective purposes: the beneficiaries to whom said sums are to be paid to be at all times selected or dropped at the discretion of my said Trustees.

"5th. I hereby nominate, constitute and appoint the Monongahela City Trust Company of Monongahela City, Penna., Joseph A. Herron of Monongahela City, Penna. and William O. Campbell of Sewickley, Allegheny County, Penna., Executors of this my Last Will and testament; hereby giving and conferring upon them all and every power necessary or convenient to carry into effect my intentions and desires expressed in the foregoing will." (Italics supplied.)

The trust is in excess of a $1,125,000. The remaining annuitant is Mr. Robert B. Finley, who is entitled under the will to an income distribution of $100 a month and is the sole surviving nephew of J. B. Finley. His means of livelihood is his Social Security and the amount of the annuity. He has requested that the trustee increase his annuity payment from $100 a month to an amount which would have the same purchasing power today as $100 had at the time the will was drawn.

One of the cotrustees acting with the Pittsburgh National Bank was Mr. John S. C. Herron who died December 11, 1969. At the audit, the remaining trustee presented the question of whether or not a successor-trustee should be appointed.

The testamentary instrument setting forth the

duties of the trustee provides that the corpus of the trust is to be invested by the trustee "in safe interest bearing securities" and also adds that the trustees from time to time have the power to change the investments at their discretion. The trustee, at the audit, requested a ruling as to whether the will gave the trustees discretionary power without limitation to invest in securities approved as legal investments for fiduciaries under the Fiduciaries Act of April 18, 1949, P. L. 512.

The petition for distribution further prayed for the discharge of John S. C. Herron and his personal representative, The First National Bank of Fort Myers, Fla., from any and all liability under his trusteeship, and the discharge of the Globe Indemnity Company, surety under its bond of $75,000.

The court will now consider the foregoing matters for adjudication.

There is some indication that testator-settlor was thinking of a dual trusteeship in his use of the expression "their successors" in referring to the successors of his named trustees. Testator does not indicate the manner of the appointment of a successor-trustee, nor does he indicate the necessity for an individual trustee. As in Stolzenbach Estate, 346 Pa. 74 (1942), where testator made no provision for any specific number of trustees, it does not appear to the court that there is a necessity for the appointment of another trustee to replace the deceased trustee in this trust estate. When the settlor died, there were a number of mortgages and other interests to service. The trust today is composed of securities only, and there appears to be no reason to appoint a successor-trustee. Stolzenbach Estate, supra, at page 79, quotes from Restatement of Trusts, sec. 108, comment (b), as follows:

" 'If the settlor names several persons as trustees

and one of them dies or is or becomes incapable of acting as trustee or disclaims or resigns or is removed, a new trustee will be appointed to take his place if settlor manifested an intention that the number of trustees should not be diminished. In the absence of any such provision in the terms of the trust, vacancies will be filled if, but only if, it appears conducive to the proper administration of the trust to fill such vacancies. . . .' " (Section 108 continues: ". . . if a new trustee is not appointed, the remaining trustees can administer the trust.")

The court holds that this case is ruled by Stolzenbach Estate, supra, wherein the above quotation from the Restatement was approved. Accordingly, no successor-trustee will be appointed. John S. C. Herron and his personal representative and surety will be discharged after the final confirmation of the present account. The Pittsburgh National Bank will hereafter be the sole trustee in this estate.

In considering the investment powers of the trustee, the guardian ad litem and the trustee have cited Cope Estate, 351 Pa. 514; Brown Estate, 408 Pa. 214 and Henry Estate, 413 Pa. 478, as throwing some light on the power of the trustees to purchase legal investments under the Fiduciaries Investment Act of 1949.

Testator in his *will* instructed his trustee on investments of the funds of the trust as follows:

". . . That the same be invested by them in safe interest bearing securities, with power in said Trustees from time to time to change said investments at their discretion; . . ."

It appears to the auditing judge that the above-quoted language of testator directed the trustees to invest "in safe interest bearing securities" but authorized the trustees to change investments *within that class* of investments from time to time at their discretion. It is hard to believe that testator would specify

the way in which the trust funds were to be invested in the first part of a sentence, and in the very same sentence would empower the trustees to invest the funds in their unlimited discretion as is now contended by counsel for the trustees. While, admittedly, no will has a brother, this case is very similar to Cope Estate, 351 Pa. 514 (1945). There, the testamentary direction as to investments read as follows:

" '(2) Power *to change the investments* of the personal estate from time to time and to *make investments in any interest paying securities they may deem good and safe, without being restricted or limited to such investments only as are now or may be hereafter authorized by law*' (italics supplied)."

The court held that the quoted language did not authorize investments in common stock.

Section 18 of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, prior to the amendment of 1967, provided as follows:

"The testator or settlor in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or noninvestment of principal and income and the acquisition, by purchase or otherwise, retention, and disposition, by sale or otherwise, of any property which, at any time or by reason of any circumstance, shall come into his control; and whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

In Brown Estate, 408 Pa. 214, the court held that the testamentary directions there involved prohibited investments in common stock which were legal investments at the time made. In the present case, it likewise appears that the testamentary direction pro-

hibits investments in common stock, and so section 18 of the Fiduciaries Investment Act of 1949, prior to the 1967 amendment, does not authorize investments in common stock in this estate.

Henry Estate, 413 Pa. 478 (1964), has been cited as authorizing investments in common stock in this estate. However, the testamentary directions as to investments in Henry Estate were quite different from those in the present case. In that case, testator said, inter alia, at page 482:

". . . *my intent being not to limit the investment of the funds held* under this trust to strictly legal investments, but to enable my Trustee to invest in safe bonds yielding an income of at least four per cent. (4%) on such investment, *and in such investments as I may have myself made.*"

No such broad authority appears in the will presently under discussion.

While section 18 of the Fiduciaries Investment Act of May 26, 1949, was amended in 1967 so as to give the court discretion to release the fiduciary from the investment restriction where a hearing indicates that the original purpose of testator cannot be carried out, or is impractical of fulfillment and that the authorized release will more nearly approximate the intention of testator, nothing in the present record would justify the application of that section.

In the light of the foregoing analysis, the trustee in the present case was not authorized to purchase 50 shares of American Telephone and Telegraph Company capital stock on January 7, 1970, as an investment, and it is directed to dispose of this investment without delay.

The final question is the power of the corporate trustee to increase the annuity to Mr. R. B. Finley from $100 per month to an amount equivalent to $100 a month in 1904, when the will was written.

It is now unnecessary to decide this question, since Mr. R. B. Finley, the annuitant, has withdrawn his request for an increase in the amount of his annuity, by a letter dated February 11, 1970.

A decree will be entered in accordance with this opinion.