449 A.2d 52

**In re C. D. HARADER TRUST For the Benefit of Richard S. HARADER, Jr.**

**Appeal of GALLATIN NATIONAL BANK.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal
Denied Nov. 23, 1982.

E. David Margolis, Uniontown, for appellant.

Ira B. Coldren, Jr., Connellsville, for Fayette Bank, participating party.

Charles W. Watson, Uniontown, for Edgar, participating party.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

WIEAND, Judge:

Can the settlor of an irrevocable trust amend a declaration of trust to name a contingent trustee to serve in the event that the named trustees die prior to termination of the trust. The Orphans' Court of Fayette County held that there could be no such amendment and named Fayette Bank and Trust Company as successor trustee. Gallatin National Bank (hereinafter "Gallatin") petitioned the court to vacate such appointment and give effect to the settlor's supplement to the declaration of trust in which he named Gallatin as successor trustee. The court dismissed the petition, and Gallatin appealed. We reverse.

On January 15, 1964, an irrevocable trust was created by C. D. Harader for the benefit of his son, Richard S. Harader. The declaration of trust provided that if the settlor's son died before age 35, the trust should continue for the benefit of the son's then living children until the youngest child reached the age of 21. The named trustees were Allen C. Spurgeon and Richard S. Harader. The deed of trust, in paragraph 7, provided further:

12

If the said Allen C. Spurgeon shall resign or die or become unable to act as Trustee for any reason, JOHN L. SPURGEON, of the City of Uniontown, Fayette County, Pennsylvania, is hereby appointed as a Trustee to serve in his place or stead. If the said Richard S. Harader shall resign or die or become unable to act as Trustee for any reason, the remaining or surviving Trustee shall act as sole surviving Trustee.

Richard S. Harader died on October 12, 1968 at the age of 28. He was survived by a son, Richard S. Harader, Jr., born March 20, 1968. He is now the sole trust beneficiary. On April 14, 1969, the settlor executed a "Supplement" to the declaration of trust which recited the death of Richard S. Harader and provided:

NOW, THEREFORE, in order to avoid the necessity of any appointment by Court, the parties have agreed and do hereby agree that Gallatin National Bank, Uniontown, Pennsylvania, be, and the said bank is hereby, appointed to act as trustee of the above mentioned Trust in the event of the absence of any person designated by the Declaration of Trust to act as such trustee.

The settlor died on October 23, 1969; John L. Spurgeon died on June 11, 1971; and lastly, Allen C. Spurgeon died on March 24, 1979. The issue, as the parties agree, is the effectiveness of the settlor's "Supplement" to the deed of trust which named Gallatin as successor trustee.

The settlor of a trust has power to modify a trust if and to the extent that by the terms of the trust he reserved such power. Restatement (Second) of Trusts § 331(1). If the declaration of trust shows an intent to create an irrevocable trust, then the settlor, generally speaking, has no power to alter the terms of the trust. *Thompson, Trustee v. FitzGerald*, 344 Pa. 90, 22 A.2d 658 (1941); *Dickerson's Appeal*, 115 Pa. 198, 8 A. 64 (1887); 38 P.L.E. Trusts § 52; Bogert, Trusts and Trustees (2d ed.) § 992.

However, where the settlor receives no consideration for the creation of the trust, an amendment may be permitted

to reform the trust instrument so as to prevent unanticipated contingencies from thwarting the intent of the settlor. *Scholler Trust*, 403 Pa. 97, 169 A.2d 554 (1961); *Irish v. Irish*, 361 Pa. 410, 65 A.2d 345 (1949). See also: *LaRocca Trust*, 411 Pa. 633, 640, 192 A.2d 409, 413 (1963); *Hardy v. Bankers Trust Co. of New York*, 137 N.J.Eq. 352, 44 A.2d 839 (1945); Scott on Trusts (3rd ed.) § 333.4.

 In the instant case, the deaths of the primary and contingent trustees would not have terminated the trust or otherwise thwarted the intent of the settlor. The Probate, Estates and Fiduciary Code of June 30, 1972 authorizes the orphans' court to appoint a trustee to fill a vacancy in the office of trustee. 20 Pa.C.S. § 7101.

We perceive no valid reason, however, for refusing to reform the trust instrument to give effect to the settlor's selection of an alternate trustee. His intention in this regard should be given preference over an independent selection by the court. The amendment executed by the settlor did not alter the trust instrument. It did not change the beneficiary or alter in any way his rights or the conditions of the trust. When the settlor became aware, following the unexpected death of his son, that a possibility existed that the named trustees might not survive the termination of the trust, he sought to protect against this unanticipated contingency by naming an alternate trustee. The appellee suggests neither practical nor policy reasons for refusing to allow the trust instrument to be reformed in this manner, and we perceive none. The settlor reposed trust and confidence in Gallatin, and to reject his selection represents action so drastic that it should not be permitted unless the trust estate or the rights of the beneficiary be endangered thereby. Neither appellee nor the court below has suggested any reason, other than the general rule pertaining to the irrevocable nature of the trust, for refusing to give effect to the settlor's selection of the alternate trustee. We conclude, therefore, that the court below should have reformed the deed of trust in accordance with the settlor's express designation of an alternate, contingent trustee.

14

Reversed and remanded for the appointment of a trustee in accordance with the foregoing opinion.

JOHNSON, J., files a dissenting statement.

JOHNSON, Judge, dissenting:

I dissent. I would affirm the order of the Orphans' Court. A settlor cannot modify, except in certain specific circumstances, an irrevocable trust. Restatement (Second) of Trusts § 331 (1959). Where there is need for the appointment of a new trustee, this can be done by the court unless by its terms the trust provides otherwise. Restatement (Second) of Trusts § 108 (1959). By agreeing with the appellant to appoint it as a substitute trustee, settlor attempted to do what he had no right to do. If he wished to modify the terms of the irrevocable trust he should have petitioned the court for a decree of modification or reformation. *See, e.g., In re Stolzenbach's Estate*, 346 Pa. 74, 29 A.2d 6 (1942). I agree with the lower court that settlor's attempt to modify the terms of the trust was legally ineffective, particularly as the attempted modification was made without the consent of all the interested parties. *Thompson v. FitzGerald*, 344 Pa. 90, 22 A.2d 658 (1941); Restatement (Second) of Trusts § 338 (1959).