J-A19002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF DOLORES MAE ZUPANCIC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ANTHONY ZUPANCIC | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1483 WDA 2024 |

Appeal from the Order Entered October 30, 2024
In the Court of Common Pleas of Washington County Orphans' Court at
No: 63-23-1451

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: October 28, 2025**

Anthony Zupancic ("Appellant") appeals from the order entered in the Court of Common Pleas of Washington County Orphans' Court on October 30, 2024, which removed the current executrix of the estate of Dolores Mae Zupancic, appointed a new executrix, and ordered Appellant to vacate the residential property owned by the estate. After careful review, we vacate the order and remand for further proceedings.

This appeal arises from a dispute over the administration of the estate of Dolores Mae Zupancic ("the decedent"), who died on April 6, 2023. Orphans' Court Opinion ("OCO"), 4/17/25, at 1. The decedent was survived by her eight adult children: Linda Cheroke, Cindy Lewis, Tammy Miller, Shari O'Rourke, Amy Springfield, Carol Winter, Michael Zupancic, and Anthony Zupancic (collectively "the heirs"). *Id.* The orphans' court aptly summarized the following background and procedural history of this matter:

The decedent's will, dated March 10, 1972, was probated on September 15, 2023. No objections to the will's validity were raised. Pursuant to their nomination in the decedent's will, Linda Cheroke was appointed as co-executor along with her husband, John Cheroke, and letters testamentary were granted by the Washington County Register of Wills on September 15, 2023. John Cheroke passed away on May 24, 2024, leaving Ms. Cheroke as sole executor of [the] decedent's estate. Notice pursuant to Pa.O.C.R[.] 10.5 was sent to the beneficiaries of the will on September 21, 2023, and no objections to the will were raised….

An inventory was filed on January 12, 2024, reporting the decedent's assets consisting of an automobile, household furnishings, a gas lease, and the residence at 545 Muse Bishop Road, McDonald, Pennsylvania ("McDonald Property"). The McDonald Property was the primary estate asset with an estimated value of $229,000[,] while the value of all other estate assets total[ed] $10,718.

[The] decedent's will provided that the estate's assets should be administered and distributed as follows:

> THIRD in the event that my said husband predeceased me or we perish in a common disaster or he fails to survive me by thirty (30) days, I give, devise and bequeath my entire estate in eight (8) equal shares to my children, … in trust, however, as set forth below.
>
> FOURTH (a) The corpus of this trust shall be made up of all of my assets not exhausted in the settlement of the estate and specifically the proceeds from the sale of real estate[.] I direct my executor hereinafter named to sell my real estate at private or public sale for such price as it deems best, waiving the entry of security therefor, and to give a good and sufficient deed for the same. The executor shall pay this over to the guardians of my children's estates and persons, who are also trustees.[8]
>
>> [8] The decedent's children were all over the age of twenty-one (21) at the time of her death, so the trust provisions did not apply….

On September 11, 2024, a Petition to Remove Co-Executors in Accordance with 20 Pa.C.S. § 3182 for Failure to Perform Fiduciary Duties ("petition") was filed by Attorney Jeffrey P. Derrico on behalf of Ms. Miller. The petition alleged that Ms. Cheroke had

- 2 -

failed to fulfill her duties as executor of the estate by failing to pay the inheritance tax and by failing to list for sale the main estate asset, the McDonald Property, as explicitly directed by the decedent's will. The petition also alleged that Ms. Cheroke was allowing Appellant to reside in the McDonald Property while he had no right to do so according to the will.[1] The petition further stated that this action was contrary [to] the interests of the heirs and against the wishes of the decedent as clearly provided in her will. The petition also alleged that Ms. Cheroke had failed to file a full accounting of estate assets to the heirs and, by refusing to fulfill her duties to administer the estate as directed by [the] decedent's will, has created "significant animosity, estrangement, and suspicion" among the heirs. Ms. Miller was joined by 3 other heirs, Cindy Lewis, Shari O'Rourke, and Carol Winter, in filing the petition.

A citation was issued to Ms. Cheroke on September 17, 2024[,] and a hearing on the petition was held on October 8, 2024. Both Ms. Cheroke and Ms. Miller appeared at the hearing and testified. Ms. Miller was represented by Attorney … Derrico[,] and Ms. Cheroke was represented by Attorney James P. Liekar.

*Id.* at 2-4 (cleaned up; some footnotes omitted).

In consideration of the testimony and arguments presented, the orphans' court ordered:

The current executrix, Linda Cheroke, not having paid the inheritance tax, not having brought the estate to closure, and … [this] being a relatively straight-forward matter, shall be removed as executrix of the estate.

The court appoints the petitioner, Tammy Miller, as executrix of the estate, who shall serve without bond, administer the estate according to the law, and be in the process of selling the main asset of the estate, that being the residence at 545 Muse Bishop Road, McDonald, PA.

The occupant of that house, Anthony Zupancic, shall prepare to vacate the home and shall do so within thirty (30) days of this date.

_____

[1] Appellant contends that the decedent gave him permission to occupy the McDonald Property prior to her passing. Appellant's Brief at 4.

Order, 10/30/24 (cleaned up).

On November 27, 2024, Appellant filed a timely notice of appeal,[2] followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The orphans' court filed its Rule 1925(a) opinion on April 17, 2025, in which it opined that Appellant lacks standing to appeal the October 30, 2024 order and that the order is not appealable. *See* OCO at 8-9.

Appellant presents the following questions for our review:

1. Whether Appellant should have been served with the petition to remove him from the property where he lived[?]

2. Whether Appellant should have been served with notice of the hearing on the petition to remove him from the property where he lived[?]

3. Whether Appellant's due process rights were violated by entering an order to evict him from his residence without notice[?]

4. Whether Appellant, as an heir, was entitled to notice of the petition to remove the executrix of the estate[?]

---

[2] The record reflects that the orphans' court's order was dated October 8, 2024, but was not entered on the docket until October 30, 2024. The docket further indicates that notice of the order pursuant to Pa.O.C.R. 4.6 was provided on October 30, 2024. *See* Pa.R.A.P. 903(a) (stating that "the notice of appeal … shall be filed within 30 days after the **entry of the order** from which the appeal is taken") (emphasis added); *see also* Pa.R.A.P. 108(c) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Orphans' Court Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.O.C.[] 4.6.").

Appellant's Brief at 2 (cleaned up).[3, 4]

We begin by addressing the orphans' court's assertion that its October 30, 2024 order is not appealable, as this directly implicates our jurisdiction. ***See In re Trust of John S. Middleton***, 313 A.3d 1090, 1095 (Pa. Super. 2024) (citations omitted). "This Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." ***Id.*** (cleaned up). It is well-settled that "an appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." ***Id.*** (citation and brackets omitted).

Pennsylvania Rule of Appellate Procedure 342 governs the appealability of interlocutory orphans' court's orders and provides, in relevant part: "An appeal may be taken as of right from … [a]n order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship[.]"

---

[3] Appellant lists four questions in his statement of questions presented, but his brief contains only one co-mingled argument section with no subparts. The Pennsylvania Rules of Appellate Procedure require that the argument section of the brief "be divided into as many parts as there are questions to be argued" and that it "shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein…." Pa.R.A.P. 2119(a). Failure to do so may result in waiver. ***Ramalingam v. Keller Williams Realty Group, Inc.***, 121 A.3d 1034, 1042 (Pa. Super. 2015). While we do not condone Appellant's failure to comply with the Rules of Appellate Procedure, the deficiency does not impede our appellate review; therefore, we decline to find waiver. ***See id.***

[4] No appellee brief has been filed. ***See*** Letter, 6/23/25, at 1 (single page) (Attorney Derrico's indicating that Ms. Miller is not taking a position on this appeal and would not be filing an appellate brief).

Pa.R.A.P. 342(a)(5); *see also* 20 Pa.C.S. § 102 (providing that the term "fiduciary" includes "personal representatives … subject to the jurisdiction of the orphans' court division"); *id.* (defining a "personal representative" as "an executor or administrator of any description"). The note to Rule 342 explains that subsection (a)(5) "stat[es] definitively that an order removing or refusing to remove a fiduciary is an immediately appealable order." Pa.R.A.P. 342, *Note*. Hence, we deem the October 30, 2024 order granting the petition to remove Ms. Cheroke as executrix to be appealable as of right, pursuant to Rule 342(a)(5).

As to the orphans' court's declaration that Appellant lacks standing to appeal, we observe that no party or participant has independently raised this issue. The orphans' court raised the issue of Appellant's standing *sua sponte*, which is prohibited under Pennsylvania law. *See In re Nomination Petition of deYoung*, 903 A.2d 1164, 1168 (Pa. 2006) ("This Court has consistently held that a court is prohibited from raising the issue of standing *sua sponte*.") (citations omitted); *Interest of R.P.*, ___ A.3d ___, 2025 PA Super 189, *4 (filed Aug. 29, 2025) (determining that the trial court inappropriately raised *sua sponte* the issue of Mother's standing to appeal); *U.S. Bank Trust Nat'l Assoc. as Tr. of Lodge Series III Trust v. Unknown Heirs Under Brolley*, 278 A.3d 310, 314 n.2 (Pa. Super. 2022) (noting that even where the certified record presents no indication that the appellant has any "interest" in the case, this Court may not *sua sponte* quash the appeal due to a lack of standing). Thus, we consider the issue of Appellant's standing to be waived and will

- 6 -

address the merits of his claims. *See Estate of A.J.M.*, 308 A.3d 844, 851 (Pa. Super. 2024) ("Pennsylvania courts view the issue of standing as non-jurisdictional and waivable.") (citations omitted).

Our standard of review of an orphans' court's decree is deferential.

> When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Hooper*, 80 A.3d 815, 818 (Pa. Super. 2013) (cleaned up).

Additionally, we recognize that "[t]he removal of an executrix is a matter vested in the sound discretion of the [orphans'] court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion." *In re Estate of Mumma*, 41 A.3d 41, 49 (Pa. Super. 2012) (citation omitted); *see also In re Estate of Tomcik*, 286 A.3d 748, 764 (Pa. Super. 2022) ("An abuse of discretion occurs when the court misapplies existing law, makes a manifestly unreasonable judgment, or rules with partiality, prejudice or ill will."). The grounds for removal of a personal representative are delineated in Section 3182 of the Probate, Estates and Fiduciaries ("PEF") Code, 20 Pa.C.S. §§ 101-8816. *See* 20 Pa.C.S. § 3182. That statute permits the orphans' court to remove a personal representative when he or she "is wasting or mismanaging the estate, is or is likely to become

insolvent, or has failed to perform any duty imposed by law[,]" as well as "when, for any other reason, the interests of the estate are likely to be jeopardized by his [or her] continuance in office."  20 Pa.C.S. § 3182(1), (5).[5]

It is well-established that a personal representative owes a fiduciary duty to collect the assets of the estate and distribute them according to the law and the testator's intent.  *See In re Estate of Lorent*, No. 2630 EDA 2024, unpublished memorandum at 4 (Pa. Super. filed Sept. 11, 2025);[6] *see also* 20 Pa.C.S. § 3311 ("A personal representative shall … take possession of, maintain and administer all the real and personal estate of the decedent….");[7] *In re Kurkowski's Estate*, 409 A.2d 357, 360-61 (Pa. 1979) ("A decedent's personal representative is under a duty to take custody of the estate and administer it in such a way as to preserve and protect the property for distribution to the proper persons within a reasonable time.");  *In re Wallis' Estate*, 218 A.2d 732, 736 (Pa. 1966) (stating that the "primary duty"

---

[5] There are other bases for removal that are not pertinent here.

[6] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[7] Section 3311 provides an exception for real estate occupied at the time of death by an heir or devisee with the consent of the decedent.  *See* 20 Pa.C.S. § 3311(a).  However, in such a situation, "the court may direct the personal representative to take possession of, administer and maintain [the] real estate … if this is necessary to protect the rights of claimants or other parties."  *Id.* Moreover, the statute expressly states that "[n]othing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee."  *Id.*

of an executor of a will is "to marshal[] the assets and to liquidate and terminate as soon as possible").

Regarding removal of a personal representative, Section 3183 of the PEF Code provides, in pertinent part:

> The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he [or she] should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him [or her].  Upon removal, the court may direct the grant of new letters testamentary or of administration by the register to the person entitled and may, by summary attachment of the person or other appropriate orders, provide for the security and delivery of the assets of the estate, together with all books, accounts and papers relating thereto.

20 Pa.C.S. § 3183.

Here, Ms. Miller filed a petition pursuant to Section 3183, seeking the removal of Ms. Cheroke as the executrix of the decedent's estate.[8]  Therein, the petitioners averred that the decedent's will called for the residuary of her estate to be divided equally among her eight children and listed the names and addresses of each of the heirs, including Appellant.  Petition, 9/11/24, at ¶¶ 4-5.  Additionally, they averred that Appellant is currently residing in the McDonald Property, "the single largest asset of the estate[,]" *id.* at ¶ 6, and that Ms. Cheroke had failed to fulfill her fiduciary duties by, *inter alia*, "refusing to put the real estate on the market for sale[,]" *id.* at ¶ 10.  They alleged that Ms. Cheroke admitted to "'holding the land hostage' in an effort to deny the

---

[8] Since Ms. Lewis, Ms. O'Rourke, and Ms. Winter joined in Ms. Miller's petition, we refer to the four siblings collectively as "the petitioners."

other heirs from receiving their rightful shares of the estate to benefit herself and … [Appellant]." *Id.* The petitioners requested that the orphans' court remove Ms. Cheroke as executrix and take "other action … to ensure a fair and prompt administration for the benefit of all the heirs." *Id.* at 3 (unpaginated).

Appellant claims that he was never served with a copy of the removal petition or notice of the subsequent hearing, and therefore was deprived of the opportunity to participate in the proceedings. *See* Appellant's Brief at 4-6. He notes that there is no certificate of service attached to the petition, nor does the record contain any proof that he was served with the petition or notice of the hearing. *Id.* at 7. Appellant elaborates that he

> should have been served with a copy of the petition and a notice of the hearing. He could have then objected to the petition. He could have attended the hearing and participated. The record is devoid of notice or service to Appellant. These are fundamental due process rights for the heir of an estate. The petitioner[s] listed him as an heir but gave him no notice of [their] plan to subvert the will and install [Ms. Miller] as the executor.

*Id.* (unnecessary capitalization omitted). Thus, he asserts that the orphans' court's October 30, 2024 order was entered in error. *Id.* at 4.

Pennsylvania Orphans' Court Rule 3.5(b) governs notice of petitions and provides, in relevant part, "the petitioner shall, either in advance of filing or contemporaneously therewith, provide a copy of the petition to the interested parties identified in the petition." Pa.O.C.R. 3.5(b)(1); *see also* Pa.O.C.R. 1.3 (defining "Interested Party" as "one or more individuals or entities having or claiming an interest in the estate, trust, person or other entity that is the

subject of the legal proceeding"). As a named heir and occupant of estate property which the petitioners seek to sell, Appellant clearly has an interest in the administration of the decedent's estate. Moreover, he was specifically identified in the petition. Thus, we agree with Appellant that he was entitled to notice of the petition to remove the existing executrix of the estate. **See** Pa.O.C.R. 3.5(b)(1); **see also Appeal of Lancaster**, 4 A. 333, 335 (Pa. 1886) ("All parties interested in a proceeding in the orphans' court are entitled to notice of every petition or motion not grantable of course, as provided by the statutes. … Where an order, decree, or judgment has been wrongfully entered, without notice to a party who was entitled to notice, such party may demand its vacation, at least to the extent that it affects his interest.").

Based on our review, the record lacks proof that Appellant was served with a copy of the petition to remove Ms. Cheroke as executrix of the estate or notice of the related October 8, 2024 hearing. Consequently, we are constrained to vacate the October 30, 2024 order and remand for further proceedings.[9]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[9] Due to our disposition, we need not address Appellant's remaining issues.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/28/2025